ELIZA J. COCHRAN v. R. B. ZACHERY, Appellant.

**Bills and notes:** RATE OF INTEREST: PAROL EVIDENCE.  Where there is no issue as to reformation but the action is at law to recover on a promissory note, parol evidence is not admissible to show that the rate of interest agreed upon was different from that expressed in the instrument.

**Husband and wife:** VOLUNTARY SERVICE: LIABILITY OF WIFE.  In the absence of an express agreement to that effect a wife is not liable for services rendered her husband: nor is a sister liable to her brother for his services rendered her with the express assurance that no charges would be made therefor; and an unexpressed purpose in his own mind with respect thereto cannot be relied upon to defeat such assurance.

**Wills:** AGREEMENT TO CONTEST: PUBLIC POLICY.  An agreement among beneficiaries under a will to resist its probate and procure it to be set aside so as to cut off the interest thereunder, not then vested, of one not a party of the agreement, is against public policy and void and no recovery can be had on the agreement.

**Same.**  An agreement by a trustee under a will which contemplates an abandonment and defeat of the trust without regard to the interest of those for whose benefit the appointment is

made, and which is in violation of the trust reposed, is against public policy ánd void; although the agreement was made before an acceptance of the trust or probate of the will.

**Same:** CHAMPERTY. A contract by which, for a consideration, a trustee named in a will is to join with the other heirs and devisees to set the instrument aside, is void as a species of champerty and maintenance.

*Appeal from Jasper District Court.*—HON. BYRON W. PRESTON, Judge.

TUESDAY, MARCH 10, 1908.

ACTION to recover balance due on a promissory note and money received by defendant for plaintiff's use. Defendant interposed a counterclaim for money due under contract. At the conclusion of the evidence, the court, on plaintiff's motion, directed a verdict in plaintiff's favor, disallowing defendant's counterclaim; and from judgment on this verdict defendant appeals.— *Affirmed.*

*Sullivan & Sullivan* and *Cragan Bros.,* for appellant.

*Bailey & Stipp,* for appellee.

McCLAIN, J.— I. The balance claimed by plaintiff as due to her from defendant on the note in suit was the difference between interest at six per cent. and interest at eight

**1. BILLS AND NOTES: rate of interest: parol evidence.**

per cent. on the face of the note. By its terms the note drew eight per cent. interest, but defendant alleged in his answer that through accident and oversight the note by its terms was made to read with interest at eight per cent. The assignment of error with reference to this branch of the case is the sustaining by the court of plaintiff's objection to the question asked him as a witness by his counsel whether there was any agreement between him and the payee of the note with reference to the rate of interest. The objection was on the ground that the question called for testimony tending to vary

by parol the terms of a written instrument.    There was no error in sustaining this objection.    No issue was made as to reformation of the note; and it is plain that, in an action at law on a written instrument, parol evidence is not admissible to show a prior or contemporaneous agreement contrary to the terms of the instrument.    The citation of authorities is unnecessary to support so elementary a proposition.

II.    A portion of defendant's counterclaim was for services rendered to the plaintiff, who is his sister, and her husband, in collecting certain claims held by the husband.    In the first place, there is no evidence that the plaintiff undertook to assume liability for any indebtedness of her husband in this respect.

2. HUSBAND AND WIFE: voluntary service: liability of wife.

In the second place, it clearly appears, in the evidence that the services were voluntarily rendered, and with the express assurance that no charge would be made therefor.    Defendant testifies that, had he not believed the plaintiff would carry out the terms of an agreement hereinafter to be referred to, he would have made a charge for these services. But, as against his assurance to plaintiff and her husband that no charge was intended, defendant cannot rely on some unexpressed purpose in his own mind with reference to the matter.

III.    The real controversy in this case is as to the right of defendant to recover $2,000 alleged to be due him under an agreement with plaintiff, by which she undertook to pay him that amount, if he, acting in conjunction with plaintiff and other heirs of their deceased

3. WILLS: agreement to contest: public policy.

father, L. E. Zachery, should secure the setting aside of the will of said deceased.    The will disposed of real property of the aggregate value of about $250,000 in the following manner:    As to one portion specifically described it was provided that the net annual rents and profits, with right of possession and enjoyment for life, should go to the defendant, and, after his death, be divided for the term of twenty years between his issue and his widow, the

share of the widow on her death or remarriage to be added to the share of the issue, and, on the expiration of said twenty years, the property should vest in said issue in fee simple. If, at the expiration of this period, there should be no living issue of defendant, all the interest that his issue would have taken was to go to testator's other children, or their issue. Similar provisions were made with reference to other specifically described portions of testator's property in behalf of plaintiff and another daughter of testator and another son, and another portion was given in trust to defendant to hold for the benefit of another son, his widow, and issue on substantially the same terms. We are not called upon to interpret the rather intricate provisions of this will; but from what has been said with reference thereto it is apparent that four of the children of testator were to take the rents of specific portions of testator's real property for life, and that fee-simple title was to vest in their issue at the expiration of twenty years from the death of each child, respectively, or, in the event of no issue surviving at that time, the title was to go by descent to the other children of testator or their issue, and that defendant as trustee and his successors were to hold one portion for another son.

Under these circumstances, the children of the testator conceived the idea that they should prefer to take fee-simple title to their father's property by descent rather than the life interest given to them, respectively, with remainders over to vest in their issue after the lapse of twenty years from the time they should die. And accordingly they agreed, as defendant alleged, to join with him in contesting the probate of their father's will on the ground that he was not of sufficient testamentary capacity, and each of the four others agreed to pay him $2,000 in the event that the contest of the will should be successful, and each should acquire his share in the father's estate by descent. It is evident that this arrangement was intended to cut off any vested interest in the issue of these five children, and to prevent the defendant

from becoming trustee for the son whose share was left to him in trust. Defendant, being named as executor in a codicil to the will, was to receive the amounts agreed to be paid to him in lieu of the compensation which he would be entitled to as executor and trustee if the provisions of the will should be carried out.

It appears that, in pursuance of this mutual agreement among the heirs of the father of plaintiff and defendant, the probate of their father's will was successfully contested, and the court refused to admit it to probate on the ground of want of mental capacity of the testator. In the proceeding for the probate of the will in which the contest was made, as already indicated, there was no appearance of parties asking to have the will admitted to probate, save by a guardian of the heirs of one son, then deceased, who admitted in behalf of said minors the execution of the will, but denied the allegations of the contestants. The order denying the probate of the will recites that all of the parties in interest named in said will and all heirs at law of the testator having had due and timely notice of the proceedings and being present in court in person or by counsel, and the court, having heard the evidence, finds that said instrument is not the last will and testament of the testator, and sets it aside and holds it for naught. The contention of plaintiff in the lower court was that the contract between the heirs of her father, under which, assuming it to have been made, which she denied, she undertook to pay $2,000 to the defendant in the event that the will should be set aside, was void as against public policy. This contention was sustained by the trial court, and we believe that its conclusion was undoubtedly correct. The plain and avowed purpose of the agreement was to defeat the interest of the issue of these parties who were by express provisions of the will made beneficiaries thereunder. By the adjudication that the will was not valid for want of testamentary capacity the issue of these parties, then born or to be born, during their lives or within twenty years thereafter,

were to be absolutely defeated. Such an agreement cannot be sustained.

An agreement among all the beneficiaries of a will for different distribution of the testator's property than that provided for in the will may be sustained if the interests devised under the will are fully vested. *In re Garcelon's Estate,* 104 Cal. 570 (38 Pac. 414, 32 L. R. A. 595, 43 Am. St. Rep. 134). But an agreement to resist the probate of a will and procure it to be set aside so as to cut off the interest of one who is not a party to such agreement is against public policy. *Gray v. McReynolds,* 65 Iowa, 461. In this case it was said that such a contract was against public policy as tending to thwart justice, and that no recovery could be had under such a contract as between the parties thereto. For similar reasons, it has been held that an agreement among children to thwart a disposition which the parent may afterwards make of his property is invalid. *Mercier v. Mercier,* 50 Ga. 546 (15 Am. Rep. 694).

The alleged agreement on which defendant seeks to recover was void on other grounds of public policy. It contemplated the abandonment by defendant of a trust and the

**4. Same.**

defeating of such trust without regard to the interests of those for whom he was appointed to act as trustee, and it was also in violation of the trust reposed in him by his father in naming him as an executor to carry out the provisions of the will. Defendant had not, it is true, assumed any obligations as executor or trustee, for the will had not been admitted to probate, but we believe it was in violation of public policy that he should speculate on the advantages which would accrue to him as executor and trustee, should the will be admitted to probate, and make the relinquishment of those advantages the consideration for an agreement to secure a pecuniary consideration. *Staunton v. Parker,* 19 Hun (N. Y.) 55, 60; *Adams v. Outhouse,* 45 N. Y. 318; *Forsyth v. Woods,* 11 Wall. (U. S.) 484 (20 L. Ed. 207); *Bowers v. Bowers,* 26 Pa. 24 (67 Am. Dec. 398); *Dan-*

*ielwitz v. Sheppard,* 62 Cal. 339.   Any contract which involves a fraud on the rights of others is against public policy. *Ray & Whitney v. Mackin,* 100 Ill. 246.

It seems to us, also, that the contract was void as a species of champerty or maintenance, for the defendant was to have a specific consideration for securing a specific result in a legal proceeding not as an attorney rendering services therein, but as one who might or might not, as he saw fit, assist in sustaining the proceeding by giving or procuring testimony therein.   Greenhood, Public Policy, 394; 6 Cyc. 850.   Even an attorney is not allowed to have a specific pecuniary interest in the result of a litigation by agreeing to pay the judgment rendered or contracting to have the benefit of a judgment which he may secure.   *Adye v. Hanna,* 47 Iowa, 264; *Donaldson v. Eaton,* 136 Iowa, 650.   The purpose of the contract being against public policy, the whole contract is void, and no relief can be had thereunder, although the contract itself has been fully executed.   *Kirkpatrick v. Clark,* 132 Ill. 342 (24 N. E. 71, 8 L. R. A. 511, 22 Am. St. Rep. 531); *Hazelton v. Sheckels,* 202 U. S. 71 (26 Sup. Ct. 567, 50 L. Ed. 939).

The judgment is *affirmed.*