**STUMPFF et al. v. PRICE.**

No. 9455—Opinion Filed Dec. 10, 1918.

Rehearing Denied Jan. 7, 1919.

(177 Pac. 109.)

**1. Process—Service by Publication—Copy of Petition.**

Section 4724, Rev. Laws 1910, which provides, where service by publication is proper, a copy of the petition, with a copy of the publication notice attached thereto, shall within six days after the first publication is made. be inclosed in an envelope addressed to the defendant at his place of residence or business, postage paid, and deposited in the nearest post office, unless the plaintiff shall make and file an affidavit that such residence or place of business is unknown to him, and cannot be ascertained within any means of his control, is mandatory, and must be strictly complied with.

**2. Same.**

In such a case where there are two non-resident defendants, a copy of the petition and publication notice addressed to them jointly at their place of residence is an insufficient compliance with the statute, as the same, at best, shows service only upon one of the defendants and the uncertainty upon which of them service is had renders the publication service prima facie void as to both, for the court did not acquire jurisdiction.

**3. Judgment—Void Judgment—Vacation—Motion.**

Under section 5274, Rev. Laws 1910. a void judgment may be vacated at any time on motion of a party affected thereby, and it is unnecessary in said motion filed for said purpose to set up a meritorious defense.

(Syllabus by Hooker, C.)

Error from District Court, Osage County: R. B. Boone, Judge.

Suit by F. B. Price against Florence H. Stumpff and another. Judgment against defendants by default, and after a foreclosure sale and deed defendants' amended motion to set aside the judgment, sale, and deed

was overruled, and they bring error. Reversed and remanded, with directions to enter a judgment vacating the judgment.

H. C. Hargis and Fulton, Shirk & Danner, for plaintiffs in error.

Gray & Miller and G. K. Sutherland, for defendant in error.

Opinion by HOOKER, C. On June 8, 1916, F. B. Price instituted suit in the district court of Osage county against Florence Stumpff and James H. Stumpff, and attempted to procure service by publication. The affidavit filed for the purpose of obtaining said service stated that said defendants below were residents of the state of California and nonresidents of the state of Oklahoma, and gave their last-known post office address. No appearance was made by them, and on August 21, 1916, judgment was rendered against them by default for the amount of the note sued for and for a foreclosure of the mortgage.

Thereafter, on October 16th an order of sale was issued to the sheriff of said county, who sold the mortgaged premises to the plaintiff below, which sale was duly confirmed on October 21, 1916, and a deed made to the property.

Thereafter, on June 26, 1917, the plaintiffs in error filed an amended motion to vacate and set aside the judgment and order of sale and the sheriff's deed, on the ground that the trial court never had jurisdiction over the person of the plaintiffs in error, or either of them, for the reason that, although their address was well-known to the plaintiff below, she had failed and neglected to mail to them a copy of the publication notice and a copy of the petition filed below within six days after the date of the first publication of said notice or at any time thereafter. Proper service of this motion was duly had upon the plaintiff below, and the same thereafter came on to be heard, and the trial court, after the introduction of the evidence, overruled the motion and refused to vacate the judgment, to which ruling the defendants below excepted, and have appealed here.

The evidence disclosed that the plaintiffs in error never received copies of the petition and publication notice, and it is conceded that no proof of mailing the notice was ever made or filed. The attorney for the plaintiff below who instituted the action testified that within six days after the date of the first publication he inclosed in one envelope one copy of the publication notice and two copies of the petition, sealed the same, and addressed it to the defendants below at their last-known post office address.

It is an admitted fact here that separate copies of the publication notice and of the petition were not mailed to each of said plaintiffs in error, but to them jointly as Florence H. Stumpff and James H. Stumpff at 1330 Portia St., Los Angeles, Cal. Some evidence was introduced seeking to show that James H. Stumpff had actual knowledge of the pendency of said action, yet the same is indefinite, and is not sufficient to show knowledge prior to the rendition of the judgment.

Evidence was also introduced that one Hargis, an attorney who had formerly represented the plaintiffs in error, had knowledge of the pendency of this action, and had agreed to file a pleading for them therein, but his undisputed testimony is to the effect that he was not employed and had no authority whatever to file any pleading for them.

Section 4724, Rev. Laws 1910, provides that:

"Where service by publication is proper a copy of the petition, with copy of the publication notice attached thereto, shall, within six days after the first publication¹ is made, be inclosed in an envelope addressed to the defendant at his place of residence or business, postage paid, and deposited in the nearest post office, unless the plaintiff shall make and file an affidavit that such residence or place of business is unknown to the plaintiff and cannot be ascertained by any means within the control of the plaintiff."

This statute in our judgment is mandatory, and must be strictly complied with.

In the cases of Thormeyer v. Sissin, 83 Ill. 188, Lewis v. Lewis, 15 Kan. 181, Wylly v. Sanford Loan & Trust Co., 44 Fla. 818, 33 South, 453, and O'Rear v. Lazarus, 8 Colo. 608, 9 Pac. 621, the Supreme Court of the states where said cases arose have held, in substance, that, service by publication not being a common-law proceeding, the words of the statute must be strictly observed therein, and that when the record does not show that a copy of the summons was sent to the address of the defendant where by affidavit it was clear that such address was known to plaintiff, a service by publication is not good.

And in the Wylly Case, above cited, the court said:

"In this case there were two defendants, both nonresidents, and the certificate of the clerk filed * * * is that he 'mailed copies of said order to the address of defendant as

given in the affidavit of complainant.' · This shows, at best, service upon one only of the defendants, and the uncertainty upon which of them service was made renders it prima facie void as to both. * * * The decree of the court below, therefore, was rendered against parties of whom the court is not shown to have acquired jurisdiction, and must be set aside."

See, also, Likens v. McCormick, 39 Wis. 313, and Dennison v. Taylor, 142 Ill. 45, 31 N. E. 148.

The general rule regarding the question involved is laid down in 32 Cyc. 488.

"If there are two or more of the defendants, a separate notice must be mailed to each of the defendants sought to be served."

Section 4728, Rev. Laws 1910, authorizes defendants, where judgment has been rendered by default of service by publication, to procure the same to be vacated, and where one applies under that provision of the statute, the same must be complied with: and, if the application is not sufficient under this provision of the statute, it is proper to deny the same. But this application is not made under that provision of the statute, but under section 5274, Rev. Laws 1910, which provides that a void judgment may be vacated at any time on motion of a party or any person affected thereby.

This court, in W. G. & L. Co. v. Dowden, 26 Okla. 441, 110 Pac. 898, and Hirshman v. Forster, 59 Okla. 178, 158 Pac. 1177, has held that a void judgment may be vacated at any time, on motion by a party or other person affected thereby, without setting up a meritorious defense. This rule has been uniformly followed in this jurisdiction, and the cases cited, together with Harris v. Smiley, 36 Okla. 89, 128 Pac. 276, Bilby v. Stuart, 39 Okla. 451, 135 Pac. 931, and Frost v. Akin, 60 Okla. 174, 159 Pac. 752, conclusively establish that the relief may be obtained by motion duly filed to vacate a void judgment which has been rendered.

We are of the opinion that, in view of the services made in this case, the judgment rendered here is void, and that the plaintiffs in error are entitled to have the same vacated on motion, and this cause is therefore reversed and remanded, with directions to the trial court to enter a judgment vacating the judgment complained of, and for proceedings consistent with this opinion.

By the Court: It is so ordered.