## SMITH v. PAGE et al.

No. 13865—Opinion Filed April 27, 1926.

**1. Judgment—Void Judgment — Judgment Roll Record.**

A judgment is void on its face when its invalidity is affirmatively disclosed by an inspection of the judgment roll, but it is not void in the legal sense for the want of jurisdiction unless its invalidity appears on the face of the record. Edwards v. Smith, 42 Okla. 544, 142 Pac. 302, followed.

**2. Guardian and Ward—Appointment of Stranger as Guardian—Necessity for Notice to Father.**

Under section 1431, C. O. S. 1921, and the allegations of the petition, it was essential that the father, having the care of the minor child in the county, should have had notice of the application of a stranger to be appointed guardian of such minor before the court could acquire jurisdiction.

**3. Same—When Publication Insufficient to Confer Jurisdiction.**

Under the foregoing, publication of notice for two weeks of the application of such stranger, duly made under order of the court, was not sufficient to confer jurisdiction upon the county court to appoint such stranger the guardian of such minor, where such relative did not appear on the hearing, or consent to such appointment, or in any manner waive his right to be appointed, or waive the notice of such application.

**4. Same — Action to Set Aside Guardian Sale for Fraud—Sufficiency of Petition.**

Where the allegations of the petition state facts sufficient to show fraud as a matter of law, or where the allegations of the petition state facts sufficient to justify the inference of fraud therefrom in equity, a demurrer to such petition should be overruled, if the allegations of the petition state a cause of action generally, because upon .demurrer to the petition the demurrer admits all facts well pleaded in the petition and all inferences which may be reasonably drawn therefrom.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by Georgia Ann Smith, nee Froe, against J. J. Page et al. to quiet title and recover real estate. From judgment on demurrer in favor of defendants, plaintiff appeals. Reversed.

Bruce & Brewer, for plaintiff in error.

W. W. Wood, V. H. Albertson, and T. L. Blakemore, for defendants in error.

Opinion by ESTES, C. Plaintiff in error, Georgia Ann Smith, nee Froe, sued J. J. Page and numerous other defendants in error, as fee simple owners and holders of oil and gas leases, to quiet title and recover rents and possession of certain real estate in Creek county, exhibiting her allotment deeds, under which she deraigned title to the land as a Creek freedman. She exhibited to her petition also the alleged void probate proceedings and the deed of her former guardian—she now being sui juris—under which she averred that defendants claimed title. Defendants filed their several general demurrers, which were by the court sustained. Plaintiff refusing to amend and electing to stand upon her petition, the court rendered judgment dismissing her cause, from which this appeal is duly lodged. Did the court err in sustaining the demurrers?

1. In the recent case of Burton v. Colley et al., 113 Okla. 265, 242 Pac. 185, conflicting jurisdictions of two county courts over the same subject-matter and persons are involved, but such question is not involved in the instant case. The rule of that case, so far as applicable to the instant case, is that where the invalidity of a guardianship proceeding does not appear on the face of the record, wherein a sale is made through a court of competent jurisdiction, purchasers of the land in good faith, relying upon the record of the guardianship sale, will be protected from a collateral attack upon such sale. The rule in positive form is thus stated in Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681:

"A judgment is void on its face when its invalidity is affirmatively disclosed by an inspection of the judgment roll, but it is not void in the legal sense for the want of jurisdiction unless its invalidity appears on the face of the record. Edwards v. Smith, 42 Okla. 544, 142 Pac. 302."

2, 3. The first contention of plaintiff is that the court did not acquire jurisdiction in the appointment of one Snyder as the guardian of plaintiff, for that notice of hearing the petition for appointment was not served upon the relatives of the minor residing in the county, and person having custody of the minor. Snyder's petition to be appointed alleged Joe Froe to have been the father, having the care of the minor in the county, and certain others to be collateral relatives, and that Snyder was not related. The court ordered that "notice thereof be given by publication in Porter

Enterprise for two weeks before said hearing." Plaintiff contends that the record of such publication also shows on its face invalidity of the sale. We need not examine the record in this behalf. For the present we assume that the notice was duly published as ordered. No other or further notice was served upon the said relatives. Section 1431, C. O. S. 1921, provides:

"Before making the appointment, the judge must cause such notice as he deems reasonable to be given to the relatives of the minor residing in the county, and to any person having care of such minor."

In Myers v. Harness, 116 Okla. 268, 244 Pac. 1109, this court, in construing said statute, held that it was essential that the mother of the minor child should have notice of the application of a stranger to be appointed guardian of such minor child, before the court could acquire jurisdiction. In that case, it was alleged that the minor resided with her mother and stepfather, who had the care and custody of the minor in the county, and that the petitioner for appointment as guardian was not related to the minor, or otherwise interested in her estate. The exhibits attached to the petition showed that no notice upon such relatives, except by posting in three public places in the county, was ordered or made upon the relatives. Such relatives were not present at the hearing of the petition for appointment, nor did they waive any right or service of the notice. The only particular difference is that, in the instant case, the notice was by publication for two weeks instead of posting. That case overrules certain former decisions of this court therein noted, in so far as they conflict with the rules of that case, and is decisive and controlling in the instant case.

4. In the last-cited case, the well-known rule is further:

"Where the allegations of the petition state facts sufficient to show fraud as a matter of law, or where the allegations of the petition state facts sufficient to justify the inference of fraud therefrom in equity, a demurrer to such petition should be overruled if the allegations of the petition state a cause of action generally, because upon a demurrer to the petition the demurrant admits all facts well pleaded in the petition and all inferences which may be reasonably drawn therefrom."

The petition in the instant case does not show on its face that the action was barred by the special statute of limitations of three years or otherwise. Certain other grounds are alleged in the petition wherefore it is claimed the guardianship proceedings were void. It is unnecessary to discuss the same,

as is well known, if a petition states a cause of action, the sustaining of a demurrer thereto is error. Burford et ux. v. Territorial Land Co. et al., 84 Okla. 102, 204 Pac. 274.

Let the judgment sustaining the demurrers be reversed, and the cause remanded for further proceedings.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 530 § 834. (2) 28 C. J. p. 1083 §§ 61, 63. (3) 28 C. J. p. 1085 § 66. (4) 34 C. J. p. 492 § 772; 31 Cyc. pp. 290, 333.