## MABLE L. TATOR, ET AL.

vs.

## D. HARVEY VALDEN, EXTR. (Will of Mary E. Hoyt)

Superior Court      Fairfield County      File #53921

Present: Hon. EARNEST SIMPSON, Judge.

Clifford B. Wilson,      Attorney for the Plaintiffs.

Joseph H. Donnelly;

Ives & Sherwood,      Attorneys for the Defendant.

**MEMORANDUM FILED OCTOBER 14, 1937.**

SIMPSON, J.   This is an action brought to recover damages for breach of contract.   The defendant's testatrix was Mary E. Hoyt, deceased, the widow of Ebenezer A. Hoyt, who died in 1923.   In the complaint it is alleged that Ebenezer A. Hoyt left two wills, one executed in 1886, and a later one in 1912, which revoked the prior will.   In the 1886 will, Mary E. Hoyt was named as the sole legatee, devisee and beneficiary. The complaint is silent as to the terms of the 1912 will, other than it revoked the prior will.   It is further alleged that shortly after the decease of Ebenezer A. Hoyt the two wills came to the attention of Charles F. Hoyt, a brother of Ebenezer A. Hoyt, and he threatened to the widow to protest the admission of the 1912 will to probate as an unjust and unfair distribution of the property of Ebenezer A. Hoyt to his blood relatives, and that in order to prevent such court protest and trial, the said Mary E. Hoyt agreed with Charles F. Hoyt and all the heirs and legatees named in the second (1912) will, that if she were permitted to have and enjoy the use for her own life of all the estate of Ebenezer Hoyt of every kind which her husband had left, the 1912 will might be destroyed and not offered for probate, and that the 1886 will might be probated, and that under this will she would take only a use for the term of her natural life the property received from her husband, and that she upon her death would give and devise and turn over all such property so received in equal proportions, one-half to Charles F. Hoyt, or his heirs, and one-half to the heirs of Edwin K. Hoyt, a deceased brother of Ebenezer A. Hoyt, namely Mabel L. Taylor and E. Earle Hoyt, or their heirs.   It is further alleged that relying solely upon and being influenced entirely by said agreement, representations and promises of Mary E. Hoyt, they permitted said will to be destroyed and not offered for probate, and permitted the 1886 will to be probated without opposition.   It is further alleged that Mary E. Hoyt in 1932 executed a last will and testament, which upon her death was duly probated in which will none of the provisions which Mary E. Hoyt agreed to perform and carry out upon her death were contained, nor had she during her life turned over to the plaintiffs or any of them any part of the estate she received pursuant to said agreement.

The defendant demurs to this complaint upon the grounds that the consideration, the purpose and design of the promise upon which the plaintiffs seek recovery was the destruction, suppression and failure to probate a valid and existing will, and the substitution in a duly constituted Court of Probate of another will which had been revoked, all of which is fraudulent, illegal and contrary to public policy and contrary to the statutes of Connecticut.

Generally speaking an agreement to defeat the probation of a will is not of itself in violation of any principle of public policy, as the public generally has no interest in the probation of a will, and it is held in many jurisdictions that if the parties in interest are sui juris, there is no legal objection to prevent their contracting to defeat the probate of a will, and that when such contracts are made for the purpose of avoiding litigation and contests over the probating of a will, they are looked upon with favor. See Note 16 L.R.A. (N.S.) 236; Cochran vs. Zachery, 137 Iowa 585, 115 N.W. 486. Such an agreement is generally held to be good, unless made collusively and in fraud of other parties interested in the estate. Grochowski vs. Grochowski (Neb.) 109 N.W. 742; 13 L.R.A. (N.S.) 484 note, and cases cited.

It is alleged in the complaint that all the parties in interest joined in the alleged agreement. It does not appear therefore that it was entered into for the purpose of defrauding any one, as in the cases of Ridenbaugh vs. Young, 145 Mo. 274; 46 S.W. 559; Gray vs. McReynolds, 45 Iowa 461; Cochran vs. Zachery, 137 Iowa 585, cited by the defendant. In the first of these cases the sole purpose of the agreement was to cheat another devisee; in the Gray case to defeat the residuary legatees, and in the last case the agreement was to resist the probate of a will the object being to cut off an interest thereunder of a party not a party to the agreement. All these agreements therefore were for some fraudulent purpose. The Court can discover no such fraudulent purpose from the agreement itself in the instant case.

It remains to be considered whether the agreement sued upon is contrary to the public policy of this state or is in violation of some positive law regarding the probate of wills in this state. Upon this question we have no case directly in point. Our Supreme Court has held, however, that contracts or agreements, the inherent purpose of which is to violate the law, are void. Thus in the case of **Vazzauskas vs.**

Vazzauskas, 115 Conn. 418, the court held that an agreement
to divide the profits obtained from the illegal sale of liquor
could not be enforced, the court saying:

> "It is unquestionably the general rule, upheld by the
> greater weight of authority, that no court will lend its
> assistance in any way toward carrying out the terms of
> a contract, the inherent purpose of which is to violate
> the law."

And again the Court says in the same case:

> "In case any action is brought in which it is necessary
> to prove the illegal contract in order to maintain the
> action, courts will not enforce it, nor will they enforce
> any alleged right directly springing from such contract."

In Musco vs. Torello, 102 Conn. 346, the action was to re-
cover rent for a leased building, and it appearing that the
lessor, knowing of the illegal purpose for which the premises
were to be used, the Court held that if the consideration of a
contract made in Connecticut, "or the acts which its perform-
ance contemplates," contravenes the statutory or fundamental
law of this State, our courts will hold it to be void and un-
enforceable.

It is the policy of the law of this State that all wills of
deceased persons shall be propounded for probate as soon as
may be after the testator's decease. **State Bank, Admr. vs.
Bliss, 67 Conn. 317, 320.**

**Section 4948, General Statutes 1918,** which was in force
at the time the alleged agreement was made, and which is
still in force, requires under a penalty of one thousand dol-
lars, or imprisonment for not more than one year or both,
that "Any person having in his possession any will or codicil
shall forthwith after knowledge of the death of the testator
deliver such will either to the executor or one of the executors
thereof, or to the judge, clerk or assistant clerk of the court
of probate which by law has jurisdiction of the estate of such
deceased person."

The agreement in question not only contemplated the non-
compliance with this statute but the total destruction of the
will. Such an agreement was therefore, as stated by Judge
Baldwin in the Bliss case, "plainly contrary to the policy of
our law."

No such statutes appeared in the cases cited above in sup-

port of such agreements and this case is therefore distinguishable therefrom.

It is argued that the failure of defendant's testatrix to carry out her definite promise and agreement under the terms of her will effected a fraud upon the plaintiffs. But the question is not whether the defendant ought to pay, but whether the plaintiffs can collect. "In such cases the defense of illegality prevails, not as a protection to the defendant, but as a disability in the plaintiff." **Funk vs. Gallivan, 49 Conn. 124, 129.**

The demurrer is therefore sustained.