COOK et al. v. MORRISON et al.

No. 33411.   April 25, 1950.

*217 P. 2d 810.*

Elam, Crowley & Musser, of Enid, for plaintiffs in error.

E. Blumhagen and Clyde E. Robinson, both of Watonga, for defendants in error Velma Cook, Executrix of the Estate of Ralph Cook, deceased; Velma Cook and Jennie Whitaker.

R. H. Morgan, of Watonga, for defendants in error Wesley Ward Morrison, Jr., Executor of the Estate of Frances L. Holmes, deceased; and Wesley Ward Morrison, Jr.

Simons, Simons, Mitchell & Headrick, of Enid, for defendant in error Carrie Roth.

LUTTRELL, J. Plaintiffs, James P. Cook, Jane Landfair, Mrs. George N. Holdcroft and R. H. Small, filed this action in the district court of Blaine county on May 29, 1947, seeking to vacate a judgment of that court in a will contest appealed from the county court of Blaine county. The defendants filed demurrers to the petition on the ground that it failed to state facts sufficient to constitute a cause of action against them, the demurrer of one defendant stating as additional grounds that the action was barred by the statute of limitation, and that the court had no jurisdiction of the subject of the action. The trial court sustained the demurrers, holding that the petition failed to state a cause of action. Plaintiffs appeal.

From the petition it appears that testatrix, Frances L. Holmes, left as her sole heirs plaintiffs James P. Cook, a brother, Jane Landfair and Mrs. George N. Holdcroft, nieces, R. H. Small, a nephew, and defendants Ralph P. Cook and Carrie Roth, nephew and niece, and Jennie Whitaker, a sister. Defendant Wesley Ward Morrison, Jr., was not a relative of testatrix. The petition reflects, and it is conceded by all parties, that plaintiffs made no appearance in the proceeding in the coun-

ty court, did not appeal therefrom to the district court, and made no appearance in the district court. They were not parties in the proceeding, but were persons interested in the estate by reason of their relationship to deceased.

The petition alleged that Francis L. Holmes died testate on September 16, 1945, while a resident of Blaine county, leaving a will dated June 21, 1945, and three codicils, the first dated July 10, 1945, the second dated August 15, 1945, and the third dated August 21, 1945; that thereafter the will was filed for probate, and the three codicils were also filed for probate; that the will and each of the codicils were contested, and that upon a hearing of the contests the county court of Blaine county, on December 28, 1945, adjudged and decreed that the three codicils were executed by the testatrix at a time when she lacked testamentary capacity to execute them, and refused to admit them to probate, but adjudged that the will was valid and should be admitted to probate, and appointed Wesley Ward Morrison, Jr., the person named in the will as executor, as executor of the estate, and that he duly qualified as such.

The will and the three codicils are attached as exhibits to the petition. Therefrom it appears that by the will Frances L. Holmes disposed of only a comparatively small portion of her property, stating therein that she had not decided what disposition to make of the residue; that by the first codicil she bequeathed all the residue of her property to Wesley Ward Morrison, Jr.; that by the second codicil she appointed E. Blumhagen as executor, revoking the appointment of Wesley Ward Morrison, Jr., devised all of her property not disposed of by the will to her nephew Ralph Cook and her sister Jennie Whitaker in equal shares, and revoked the prior codicil. By the third codicil she revoked the second codicil and provided that the will and the first codicil bequeathing her property to Wesley Ward Morrison, Jr., should remain in force and effect, and ratified and confirmed the same. She again bequeathed in that codicil all the residue of her property to Wesley Ward Morrison, Jr.

The petition alleged that all the parties in the county court appealed from the judgment of the county court to the district court; that on June 11, 1946, the appeal came on for trial de novo, at which time all the appealing parties, defendants herein, by stipulation compromised their claims, and agreed that the district court might enter judgment directing the county court to admit the will and the first codicil, dated July 10, 1945, to probate, and affirm the judgment of the county court denying probate to the last two codicils; that the trial court pursuant to that stipulation entered such judgment without the taking of any evidence, and that no evidence was offered at the time the judgment was rendered. It alleges that the judgment so rendered denied plaintiffs their rights as heirs of Frances L. Holmes; disposed of the estate of Frances L. Holmes without regard to the rights of plaintiffs and without their being represented; that the judgment is void on its face and contrary to public policy in that it permitted the appealing parties to distribute the estate of Frances L. Holmes without regard to the rights of the lawful heirs of Frances L. Holmes; that upon the appeal it was the duty of the district court to pass only upon the factum of the will and codicils and the testamentary capacity of the testatrix at the time of the execution of each, and that it had no further authority, and was without power to render the judgment, and that the stipulation was entered into as the result of a conspiracy or of collusion between the appealing parties to defraud and defeat the lawful rights of plaintiffs as heirs at law of Frances L. Holmes. It asks that the judgment be set aside and declared void; that the trial court

pass upon the issues raised by the appeal, and that plaintiffs be given an opportunity to appear and present their rights and interests in the estate to the trial court.

The stipulation entered into by the defendants in the district court is set forth in full in the journal entry of judgment of said court upon the appeal, which is attached to plaintiffs' petition as an exhibit. In said stipulation the contestants Velma Cook, executrix of the estate of Ralph P. Cook, deceased, and Jennie Whitaker, withdrew their contests to the codicil dated July 10, 1945, and in consideration of such withdrawal the beneficiary under said codicil, Wesley Ward Morrison, Jr., agreed to pay to the said Velma Cook and Jennie Whitaker out of the proceeds of the residuary estate left to him by said codicil, a total sum of $18,500. It was further stipulated that in consideration of Carrie Roth withdrawing her contest to the will and codicil that Morrison should pay her the sum of $2,000. It further stipulated:

"It is further stipulated and agreed that in the event some interested party shall file any contest to the said will or to the said codicil which is dated July 10, 1945, that each and all of the parties hereto and their respective counsel will join in an effort to uphold the validity of said will and codicil and uphold the settlement hereby made; that in the event, after due and diligent effort on the part of all the parties hereto and their respective counsel, some interested party not now here appearing shall recover any part of portion of this estate by virtue of a subsequent contest, that then and in that event such portion or sum as may be recovered by such other interested party shall be contributed to and paid by the beneficiaries under the terms of the original will and by the parties hereto, prorate in such proportion as the amounts herein stipulated to be paid shall bear to the whole net estate."

It was further stipulated that the district court should enter judgment in accordance with the terms of the stipulation, and that the transcript of the proceedings in the county court should be offered in evidence in support of the will and codicil of July 10, 1945.

The journal entry of judgment setting forth the stipulation recites that the court has heard all the evidence and considered the stipulation; renders judgment sustaining the will and the codicil of July 10, 1945, approves the stipulation as a valid and binding obligation of the parties, and remands the cause to the county court with directions to admit the will, and the codicil of July 10, 1945, to probate. It also recites that the stipulation is made a part of the judgment, and that the provisions thereof are binding and conclusive of the rights of the parties in the matter of the estate.

At the outset we are met with a motion by defendants to dismiss the appeal on the ground that since judgment was rendered against plaintiffs in the lower court and pending the appeal, the estate of Frances L. Holmes has been distributed by the county court of Blaine county in accordance with the stipulation entered into by the defendants in the district court, and that therefore the appeal is moot, since the plaintiffs would be without remedy even if they successfully prosecuted their appeal. We are unable to agree with this contention. Caulk v. Lowe, 74 Okla. 191, 178 P. 101. The motion to dismiss is denied.

On the merits plaintiffs contend that the judgment of the district court, based on the stipulation of the parties, was beyond the jurisdiction of the district court for the reason that the only question before the district court on appeal was the factum or validity of the will and the three codicils, while the judgment of the district court did not pass upon those questions, but in effect directed the distribution of the estate of Frances L. Holmes in accordance with the terms of the stipulation. They further assert that the stipulation was entered into fraudulently and collusively with the purpose and intent on the part of the defendants to deprive the

plaintiffs of their interests in the estate which they would have had had the judgment of the county court been sustained, and therefore was violative of public policy, and that the judgment approving and confirming such stipulation and rendering judgment in accordance with those terms is void on the face of the record. We think these contentions are well taken and must be sustained.

On demurrer to the petition the facts well pleaded in the petition will be taken as true. Hudson v. Smith, 171 Okla. 79, 41 P. 2d 861, and other cases cited in O.S.A., Title 12, §267, note 13. 58 O. S. 1941 §733 provides that on a probate appeal the matter shall be tried de novo in the appellate court upon the original papers on which the matter was tried before the probate court. The petition alleges that the sole issue before the probate court in the instant case was the factum or validity of the will and the three codicils, and in Re Hicks' Estate, 189 Okla. 310, 116 P. 2d 905, we held that the district court on appeal from the county court in a probate matter could pass upon only such issues as were presented and tried in the lower court, and that the issues could not be changed in the district court. In Armstrong v. Letty, 85 Okla. 205, 209 P. 168, and in other cases, we held that where a will was presented for probate the only issue triable in the county court was the factum or validity of the will.

In the instant case, it is apparent from the recitals of the journal entry of judgment that, as alleged in plaintiffs' petition, the district court gave little, if any, consideration to the only issue to be determined in that court on appeal, but in effect it confirmed and approved the stipulation of the parties without regard to the validity of the will or the codicils thereto, and directed the distribution of the residuary estate of the testatrix to the defendants in accordance with the terms of that stipulation. This it could not do.

We think also the second and further contention of plaintiffs, that the stipulation was void as against public policy, and the judgment of the district court thereon void on its face, must be sustained.

In 57 Am. Jur. p. 648, it is stated that by the great weight of authority a bona fide agreement by one interested in the estate of a testator to refrain from contesting a will is valid. But in connection with this statement the author says:

"The rule as stated above assumes the good faith of the parties to the agreement not to contest. A contract not to contest a will, the ultimate purpose of which is to secure the probate of a will which the parties have good reason to believe is an invalid will, in order to cut off other relatives from participating in the estate, is void as contrary to public policy."

To the same effect is 68 C.J. p. 911, §643, and Page on Wills (Lifetime Edition) vol. 4, §1759, p. 945.

In Conklin v. Conklin, 165 Mich. 571, 131 N. W. 154, 158, the Supreme Court of Michigan, holding void as against public policy a somewhat similar agreement, said:

"It is apparent that this is not a mere agreement to forbear to contest the will and to permit its allowance, but is a positive agreement to endeavor, by energetic efforts, to procure the probate of a will which they believed, and had good reason to believe, was not entitled to probate, in order to secure a disposition of property which would cut off first cousins. Furthermore, they not only agreed to actively assist in procuring the probate of the will, but they agreed 'to discourage all contest respecting same'. And upon the success of their efforts to probate the will and to discourage contests depended their compensation. The agreement to discourage contests related naturally to the next of kin, to whom the entire estate would descend in case of a successful contest, and was of the essence

of the contract, so far as defendant Conklin was concerned.

"It is the tendency of such contracts, and not what is done toward carrying them out, that the courts consider in determining whether they are opposed to public policy. Viewed from this standpoint, this contract cannot stand. Its tendency was to defeat the ends of justice by furnishing one of the most powerful of human motives to suppress the truth, in so far as it tended to defeat the will; to exaggerate and color facts tending to support the will; to resort to deceit and misrepresentations to discourage contests; and, finally, to endeavor with all their might to induce the courts to determine a will to be valid which they believed to be invalid. Thomas v. Caulkett, 57 Mich. 392, 24 N. W. 154, 58 Am. Rep. 369; Sherman v. Burton, 130 N. W. 667, filed March 31, 1911."

Other cases to the same effect are Gugolz v. Gehrkens, 164 Cal. 596, 130 P. 8, and Cochran v. Zachery, 137 Iowa, 585, 115 N. W. 486.

These cases and others are listed in 117 A.L.R. p. 1255, note IV.

15 O. S. 1941 §211 expressly provides that contracts contrary to the policy of express law, though not expressly prohibited, are unlawful. And we have many times held that the courts will not enforce, or aid in the enforcement of, illegal or void contracts. Cosden Oil & Gas Co. v. Hendrickson, 96 Okla. 206, 221 P. 86; Missouri Fidelity & Casualty Co. v. Scott & Scott, 72 Okla. 59, 178 P. 122.

In Modern Woodmen of America v. Michelin, 101 Okla. 217, 225 P. 163, 36 A.L.R. 971, we said:

" 'Courts will not permit the course of justice, upon trials before them, to be stipulated or contracted in such manner as to defeat the ends to be subserved by such trials."

In the instant case the record discloses that the defendants attempted by their stipulation to do, and the court by its judgment sanctioned and approved, the very thing which the statement above quoted holds that they may not do.

We think the judgment of the trial court was void on its face.

Defendants contend that the stipulation compromising the conflict between them was valid and should be upheld, citing 55 A.L.R. p. 812, note; 81 A.L.R. p. 1187, note; In re Estate of Alice C. Noble, 141 Kan. 432, 41 P. 2d 1021; 97 A.L.R. p. 463; Bailey v. McLain 215 N.C. 150, 1 S.E. 2d 372, 120 A.L.R. p. 1487, and other similar cases. In none of the cases referred to, however, does it appear that the questions herein presented were involved, and there was no contention that there was any collusive or fraudulent design on the part of the parties to deprive other heirs or devisees of their rights for the mutual benefit of the parties involved in the compromise.

Defendants also contend that the petition of plaintiffs' does not set up a meritorious defense or allege that the testatrix was in fact mentally incapable of making the codicils. But where the judgment is void the setting up of meritorious defense is unnecessary. Stumpff v. Price, 74 Okla. 117, 177 P. 109. It is also asserted that the proceeding in the district court was in rem and that the judgment bound all parties. We agree that the proceeding was in rem, but if the judgment was void it bound nobody and could be vacated at any time by any person affected thereby, 12 O.S. 1941 §1038. While plaintiffs were not formal parties either in the county or district court, they were interested parties who would inherit a portion of the estate had the judgment of the county court been sustained. They were, therefore, persons affected by the void judgment. In Wise v. Cutchall, 171 Okla. 60, 41 P. 2d 864, we held that it was unnecessary for an interested party to join in the appeal to obtain the benefit of the modification of the judgment. Also, in Bell v. Davis, 43 Okla. 221, 142 P. 1011, we said that the

judgment on appeal must have the same effect as if all persons interested were made parties to the appeal.

In the instant case all the codicils had been held invalid in the county court. In such case, under the authorities above cited, the agreement between the successful parties in the county court to permit a part of the codicils so held invalid to be reinstated and held valid in order that the estate might be distributed between the defendants, and the plaintiffs in effect be precluded from recovery, was void, and the judgment of the trial court holding it valid, and directing distribution of the estate, was equally void.

Reversed.

DAVISON, C.J., and GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur. WELCH and CORN, JJ., dissent.

———

WELCH, J. (dissenting). I think the majority opinion goes too far and travels in error. I do not agree that the district court judgment pleaded and relied upon by plaintiff is void on its face. The opinion holds that it is void on its face and that therefore the county court decree of distribution is void.

The opinion recites that the transcript of proceedings in the county court where the will was admitted to probate was introduced in evidence in the district court. The journal entry of judgment in the district court names the numerous parties who appeared, apparently all who appeared in the county court, and while the journal entry does include the stipulation in full, it further discloses by specific statement that the court heard and considered evidence and specifically found that the proponent of the will and first codicil "sustained" them "by a preponderance of the evidence." And the court made a specific finding of testamentary capacity and of due attestation and execution "in the manner provided by the statutes of the State of Oklahoma." And the court made a further specific finding that the will had been "satisfactorily proven in the manner provided by law," and that judgment should be rendered in accordance with the findings of the court. (The quotations are from the journal entry of judgment pleaded by plaintiff.)

Assuming that the plaintiffs here had rights to relief as against the stipulation, or against the stipulating parties, or against the district court judgment, there exists no right to have this court hold the district court judgment void on its face, when on its face, as disclosed by the copy pleaded, the judgment contains all recitals necessary to make it valid on its face. It is not contended that there is anything in the judgment roll to affect the validity of the judgment except what is shown on the face of the journal entry of judgment.

Rules applicable have been stated as follows:

"A judgment is void on its face when its invalidity is affirmatively disclosed by an inspection of the judgment roll, but it is not void in legal sense for want of jurisdiction unless its invalidity appears on the face of the record." Smith v. Page, 117 Okla. 223, 246 P. 217.

"The three jurisdictional elements entering into the validity of every judgment are: (1) jurisdiction of the parties, (2) jurisdiction of the subject-matter, and (3) judicial power to render the particular judgment, which means jurisdiction of the particular matter which the judgment professes to decide." Title Guaranty & Surety Co., v. Foster, 84 Okla. 291, 203 P. 231.

If the judgment here considered discloses all those things on its face, then it is not void on its face.

Here, as shown by the judgment itself, the district court had jurisdiction (1) of the parties, who were the proponents of the will and codicils and the various contestants thereto who appeared in the county court, and also in the district court. It is not contended

there was any deficiency in the giving of the required notice of probate of the will. The court had jurisdiction (2) of the subject-matter, that is, the appeal from the action of the county court in the matter of the last will and testament of the decedent; it not being contended that there was the slightest error in prosecuting the appeal from the county court to the district court. The court had jurisdiction (3) or judicial power to render the particular judgment, that is, to admit the will and codicil to probate as the last will and testament of the decedent, when it found testamentary capacity, and that the will had been "satisfactorily proven in the manner provided by law," and that the will and first codicil had been sustained "by a preponderence of the evidence," with the recitation that the court heard evidence and made those specific findings.