E. T. MORGAN and Erna Morgan, Appellees,

v.

Floyd J. ATWELL and Kay Chair Company, a Foreign Corporation, Appellants.

No. 49354.

Court of Appeals of Oklahoma, Division No. 1.

Jan. 11, 1977.

Rehearing Denied Feb. 15, 1977.

Certiorari Denied March 14, 1977.

Released for Publication by Order of Court of Appeals March 24, 1977.

530

Shears & Shears by Jack N. Shears, Ponca City, for appellees.

Donovan, Freese & March, P.A. by Gerard K. Donovan, Tulsa, for appellants.

REYNOLDS, Presiding Judge:

This appeal is brought to test the validity of a default judgment granted the plaintiffs, E. T. and Erna Morgan, in their action to recover for injuries suffered in an automobile collision. The defendants, Floyd J. Atwell and Kay Chair Company, an Arkansas corporation, were served with summons by mail in Fort Smith. Both summons contained an answer date of June 15, 1975, thirty days after date of issuance. On July 3, 1975, plaintiff took a default judgment. The journal entry reflects that service was proper and that the trial court had jurisdiction over the parties. The judgment also reflects that oral testimony was received by the court and the court found that the defendant Atwell was acting as the agent for the Kay Chair Company at the time of the collision, acting within the scope of his agency authority. The court thereafter

rendered judgment in favor of E. T. Morgan in the amount of $7,625.75 and in favor of Erna Morgan in the amount of $25,-000.00. A garnishment summons was issued on August 4, 1975 to American Mutual Insurance Company as garnishee. Twelve days later, the defendants made an entry of appearance under 12 O.S.1971, § 154.6. This appearance was filed August 18, 1975. The defendant filed a Motion to Vacate the default judgment on August 25, 1975. The motion was overruled in January of 1976.

The defendants proceeded by motion to vacate the judgment under the authority of 12 O.S.1971, § 1032 which provides:

"The proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order shall be by motion . . . ."

When a party proceeds by motion to vacate a judgment, 12 O.S.1971, § 1035 also applies in providing:

"A judgment shall not be vacated on motion or petition, until it is adjudged that there is a valid defense to the action on which the judgment is rendered . . . ."

Although a defense is raised in the motion, no record or narrative statement of the proceeding had before the trial court appears in the record on appeal that demonstrates this defense was proven or even raised at the hearing. We are aware that the defendants' attorney argued his cause at the hearing on the motion to vacate "by telephone," as stated in the journal entry overruling the motion, and not in person. Assuming, but not deciding, that this is a proper method of appealing it remains "the duty of the appealing party to cause to be prepared and filed in an appeal to the Supreme Court a sufficient record of the trial court proceedings to show cause for reversal." *King v. Sherrill*, 496 P.2d 803 (Okl. 1972).

■ A void judgment, however, may be vacated without a showing that there exists a valid defense to the action. *Cook v. Morrison*, 202 Okl. 693, 217 P.2d 810 (1950). Conversely, unless the ground alleged is lack of jurisdiction, the movant must allege and prove a valid defense as a condition precedent to the vacation of a judgment. *Fowler v. Goldfeder*, 418 P.2d 317 (Okl. 1965). Unless there is substantial compliance with the provisions of the statutes prescribing grounds on which the District Court has the power to vacate or modify its own judgments or orders, the statutory power of the court ceases at the time specified in the statute or 30 days. *American Bank of Oklahoma v. Adams*, 514 P.2d 1191 (Okl.1973). The record does not demonstrate that the condition precedent to vacation of a judgment set forth in 12 O.S.1971, § 1035 was presented to the court at the time the motion was entertained. Consequently the judgment must stand unless void on its face. A judgment is void on its face when it appears from the judgment roll that the court rendered judgment without jurisdiction over the subject of the action, or over the parties, or that the court did not have the power to render this particular judgment. *Scoufos v. Fuller*, 280 P.2d 720 (Okl.1955). The jurisdictional inquiry is that of jurisdiction over the person of the defendant.

■ Procedurally, jurisdiction over the defendants is free of defects by virtue of the filing of an entry of appearance prior to the hearing on the motion on behalf of both defendants, citing on its face 12 O.S.Supp. 1975, § 154.6 which provides in part:

"The filing of such an appearance waives all objections to the service of process and the venue of the action."

■ The defendants conclude that the judgment is void despite their general appearance, because the default was entered without proper service on them. The position taken here by the defendants is that since his liability is plead to be the result of the negligence of a non-resident motorist, the service must necessarily be pursuant to the non-resident motorist statutes, 47 O.S. 1971, § 391 et seq. The plaintiff concedes that the service actually made does not conform to the requirements of the last mentioned statutes, but made service under the Uniform Interstate and International Procedure Act enacted in Oklahoma as 12

O.S.1971, § 1701.01 et seq. The proposition that jurisdiction over a non-resident motorist can be had only from the non-resident motorist statute is not supported by the language of the Uniform Interstate and International Procedure Act (UIIP), supra, nor in the Oklahoma cases construing that act. 12 O.S.1971, § 1701.03(a) provides "a court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's: . . . (3) causing tortious injury in this state by an act or omission in this state." The Supreme Court of Oklahoma has ruled in *Carmack v. Chemical Bank New York Trust*, 536 P.2d 897 (Okl.1975), that the act (12 O.S.1971, § 1701.01 et seq.) was intended to extend the jurisdiction of Oklahoma courts to the outer limits of federal due process and is to be construed to widen the constitutional basis upon which the courts of a state may exercise in personam jurisdiction. In *Vemco Plating v. Denver Fire Clay Co.*, 496 P.2d 117 (Okl.1972), the court was confronted with a challenge to a summons personally served out of state on a corporate defendant, with a 30 day return date. The defendant in that case took the position that the summons was defective for not allowing 41 days to answer a summons personally served out of state under the provisions of 12 O.S.1971, § 175. At p. 121, the *Vemco Plating* opinion states:

". . . the summons allowed defendant 20 days after its return date to answer plaintiffs petition. This period is all the time to which Oklahoma resident defendants are entitled under 12 O.S. (1961 & 1971) § 283. . . . Such personal service is also distinguishable from the personal service contemplated by Title 12 O.S.1961 and 1971, § 175 . . . .. We therefore hold that the 41 days referred to in Section, 175, supra has no necessary application to the type of service effected in this case, and the fact that the return and answer dates were less than 21 days, and 41 days, respectively, from the summons' date of issuance constitutes no valid basis for quashing it."

It has been established that the Uniform Interstate and International Procedure Act is not restricted in its application by other prior statutes on service of process. We must conclude that 47 O.S.1971, § 391 et seq. (the Non-Resident motorist statutes) do not provide for service on a non-resident motorist to the exclusion of the UIIP, 12 O.S.1971, § 1701.01 et seq. The out of state motorist is susceptible to the jurisdiction of the courts of Oklahoma by virtue of 12 O.S.1971, § 1701.03(a)(3) (previously quoted). When service is made thereunder, it is sufficient if the answer date contained in that service of process complies with the requirements for mail service set forth in 12 O.S.Supp. 1973, § 155(c) and allowing an answer date of 30 days from the date of issuance.

The defendants make a passing reference to a purported lack of personal service on defendant Atwell. We note the return receipt attached to the summons and a subsequent letter inquiry to the proper postal authority both show service of summons was made to Atwell. The defendant contends mail service must have delivery restricted to addressee only. The statute, 12 O.S.1971, § 1702.01(a)(3) states service may be made "by any form of mail addressed to the person to be served and requiring a return receipt." Section (b) of the last mentioned statute provides in part:

"When service is made by mail, proof of service shall include a receipt signed by the addressee or other evidence of delivery to the addressee satisfactory to the court."

It must be noted that the Oklahoma legislature has deleted the requirement found in the Uniform Interstate and International Procedure Act requiring "evidence of personal delivery to the addressee" by deleting the word personal from 12 O.S.1971, § 1702.01(b). Additionally, in overruling the motion to vacate the court ruled that the service had was satisfactory as authorized by the last phrase of 12 O.S.1971, § 1702.01(b).

For the foregoing reasons the trial court's action overruling the motion to vacate the judgment rendered is affirmed.

AFFIRMED.

BOX and ROMANG, JJ., concur.