**PARKER v. LUSE.**

No. 11593—Opinion Filed Oct. 23, 1923.

Rehearing denied Feb. 12, 1924.

**1. Animals — Trespassing Stock — Landowner's Right to Distrain.**

An owner of land on which trespasser has pastured his cattle has the right to distrain such animals, doing no unnecessary damage, but any abuse of this right will render him a trespasser from the beginning.

**2. Appeal and Error — Questions of Fact — Verdict — Action for Injuries to Stock.**

The question of whether the owner of cattle had the right of possession of certain land, at the time the owner of such land distrained the said cattle, and the further question of whether the owner of said cattle had been damaged by reason of the distraint of the cattle were questions of fact for the jury to determine, and where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial error is shown in the instructions of the court and its rulings upon the law questions presented during

the trial, the verdict and finding of the jury will not be disturbed upon appeal.

3. **Judgment — Action Against Joint Tort-Feasors.**

In an action against joint tort-feasors there may be a recovery against any or either of the defendants and a verdict may be rendered in favor of some and against other defendants:

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Woods County; Arthur G. Sutton, Judge.

Action by Ora Luse against George S. Parker and Alf Reed. Judgment for plaintiff, and defendant George S. Parker brings error. Affirmed.

L. T. Wilson and Ledbetter, Stuart, Bell & Ledbetter, for plaintiff in error.

C. H. Mauntel, for defendant in error.

Opinion by PINKHAM, C. This was an action commenced by the defendant in error, Ora Luse, against the defendants George S. Parker and Alf Reed, in the district court of Woods county, Okla., on May 15, 1919, wherein the plaintiff asks that defendants be enjoined from molesting his cattle, and for damages in the sum of $490; alleging in his petition that on or about the 5th day of May, 1919, the defendants wrongfully took possession of 60 head of cattle, owned by plaintiff, upon the claim that the said cattle were trespassing on the land belonging to the defendant Parker, and that defendants distrained the said cattle, and claim to hold them for damages pretended to have accrued to said defendant Parker by reason of the said cattle trespassing on said Parker's land; that the claim of said defendants is unfounded, and that while holding the said cattle the defendants so moved and chased the cattle for a period of about ten days as to prevent their feeding and eating and to greatly diminish their weight and value. That said cattle were being prepared for an early market in June, 1919 and that because of the depreciation in weight and condition, said cattle cannot be marketed at said time, and that plaintiff will be obliged to hold them from three to five months longer at an expense of not less than $5 per head, and that plaintiff has been damaged by the unlawful distraining and chasing of said cattle in the sum of $480. That the said defendant Parker threatened to, and unless restrained by the court, will continue to hold said cattle to the great and continuing damage of the plaintiff. On the filing of plaintiff's petition, writ was issued restraining said defendants from the further distraining of said cattle.

For answer the defendants denied all the material allegations of the petition except the ownership of the land by the defendant Parker, and further denied that the plaintiff has been damaged in any sum.

At the close of the plaintiff's evidence the defendants demurred to the same, which was by the court overruled.

The case was tried to a jury and resulted in a verdict for the plaintiff and against the defendant Geo. S. Parker in the sum of $450.

Motion for new trial was by the court overruled and excepted to by defendant, and the case comes regularly on appeal to this court.

For reversal of the judgment defendant in his brief sets out and discusses two assignments of error; first, that the court erred in overruling the defendant's demurrer to the evidence, made at the close of the plaintiff's evidence; second, the court erred in overruling the defendant's motion for a new trial.

It is contended by defendant under the first assignment of error, that the plaintiff's evidence shows that the plaintiff had no lease on the defendant Parker's land after the expiration of the plaintiff's lease in 1917; that the plaintiff, therefore, was a naked trespasser.

Defendant says in his brief: "Consequently, if defendant Parker had a right to remove the cattle and did so, and even if he had to use dogs to remove them, plaintiff could recover nothing under his allegations."

The evidence on behalf of the plaintiff as disclosed in the record is to this effect; Plaintiff was the owner of 80 acres of land, and he had leased 120 acres of the defendant for the year 1917, and inclosed it with his land with a fence; all of it being unimproved grass land, and pastured his cattle thereon. He continued to so use the said lands during the year 1918, and up to the 5th day of May, 1919, without objection by the defendant Parker or by any one.

It appears that in the spring of 1918, one Williams paid Parker by check the rental for 1918. Williams testified on behalf of the plaintiff, in substance, that the defendant Parker understood that the plaintiff would continue to occupy the land. There was evidence on behalf of plaintiff that in the spring of 1919, the plaintiff had a conversation with defendant Parker with reference to occupying the land in question for that year, but that nothing definite with reference to leasing the land for 1919 had been done. There was evidence to the ef-

fect that on May 5, 1919, at which time Parker ordered Luse to remove his cattle from the land of the defendant, that Parker also told the plaintiff that if he would come in and see him immediately he could have the use of the land for fifty cents an acre for 1919.

On the question of damages to the cattle of the plaintiff by reason of the acts of the defendant Parker in distraining them, there was evidence of a very positive character that the plaintiff had suffered a loss on account of the improper manner in which the cattle had been treated during the time defendant had them in his possession.

If it should be conceded that defendant is right in his contention that the plaintiff had no lease on defendant's land in 1918 and 1919 and that the plaintiff was a trespasser on defendant's land, it does not follow that Parker would not be liable for damages for injuries, unnecessarily or wantonly inflicted upon plaintiff's cattle.

The property of a trespasser cannot be needlessly injured, and an action on the part of the trespasser may be maintained against one having legal custody of a trespasser's property, when it is shown that such property has been injured through or by the wrongful or willful conduct of the custodian.

In the case of Whitney v. Sweet, 22 N. H. 10, the court said:

"The power thus given by the law is one liable to great abuse, and therefore must be strictly pursued. A man may become a trespasser ab initio, not only by using an authority, which the law gives him for improper purposes, or by pushing the exercise of it beyond due limits, but by exercising it in an illegal manner to the prejudice of another."

There was evidence tending to show that the plaintiff's cattle while in the possession of defendant were treated in an improper manner as that the cattle had been chased around, kept in a muddy pen, and had been herded and run with dogs for a period of some six days and nights, and that by reason thereof the value of the cattle had depreciated, causing an appreciable loss to the plaintiff.

At the time of the trial in this case in February, 1920, the question of whether the plaintiff had a lease on the defendant Parker's land in 1919 was immaterial; it appearing that possession had long been surrendered to the defendant Parker; so that the gravamen of plaintiff's action was

the question of whether he had been damaged by the wrongful acts of the defendant as charged in the petition.

That there was competent evidence at the close of the plaintiff's evidence sufficient to withstand defendant's demurrer thereto, we think is apparent, and that the trial court did not err in overruling the same.

Under the second assignment of error, defendant contends that since the jury found Alf Reed, the codefendant, was not liable for damages for injuries to plaintiff's cattle, therefore the defendant Parker is not liable, and cites in support of such proposition two cases decided by this court: St. Louis-S. F. Ry. Co. v. Dancey, 70 Oklahoma, 176 Pac. 209, and Chicago, R. I. & P. Ry. Co. v. Austin, 43 Okla. 698, 144 Pac. 1069. In each of these cases the action was for personal injuries where the master and his servants were charged with the commission of acts of negligence which caused the injury complained of.

It is well settled that in a joint action against master and servant, where the master is sought to be held liable for the act of the servant solely on the ground of respondeat superior, a verdict against the master alone cannot be sustained, as, if the servant was not liable, the master was not. 26 R. C. L. p. 781.

The rule, however, is different in cases of joint tort-feasors.

"* * * The general rule is that in action of tort, a misjoinder of defendants does not defeat recovery against any or each of the defendants proved to be guilty, or as the rule is stated in a large number of cases, in an action against joint tort feasors there may be a recovery against any or either of the defendants proved guilty. Accordingly a verdict may be surrendered in favor of some and against other defendants though the fact that some defendants are acquitted may be considered of some weight in determining whether the verdict was the result of passion, prejudice, or misconduct." 26 R. C. L. p. 781.

"In actions ex delicto a joint liability need not be proven, and consequently a misjoinder of defendants will not defeat a recovery against any or either proved guilty," 15 Ency. Pl. & Prac. 583.

It is, we think, sufficient to say that this action is joint and several; that it was with the jury to say that both defendants were liable or that neither was, or that either one was.

An examination of the record discloses that the question of whether the plaintiff, at

the time of the seizure and distrainment of his cattle, had the right to the possession of the defendant Parker's land, and the question of whether, under the evidence, the plaintiff had been damaged because of such seizure and distraint were under proper instructions submitted to the jury.

The evidence was conflicting in this case; and in such cases where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial error is shown in the instructions of the court and its rulings upon the law questions presented during the trial, the verdict and finding of the jury will not be disturbed upon appeal. Lusk v. Bandy, 76 Okla. 108, 184 Pac. 144.

For the reasons stated herein, we think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.