## STEINER v. SMITH.

No. 15872—Opinion Filed Dec. 15, 1925.

**Judgment—Vacation After Term — Motion not Proper Procedure.**

A motion to set aside a judgment, rendered at a former term of the court, is not the proper remedy to vacate such judgment unless the judgment is void on its face. Held, in this case, that the judgment sought to be vacated is not void on its face, and that it was error for the court to set it aside on motion.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Appeal from an order of the District Court of Creek County setting aside a judgment of that court in favor of J. B. Steiner, on the motion of Ida Alice Smith. Reversed.

Thompson & Smith, for plaintiff in error.

McDougal, Allen & Pryor. for defendant in error.

Opinion by MAXEY, C. On May 29, 1920, the plaintiff, J. B. Steiner, filed his petition, in the district court of Creek county, against the Colonial Amusement Company, corporation, Lew Wilder, its secretary, W. H. Sloat, H. C. Badger, and Ida Alice Smith.

to recover possession of and for rents and profits of certain real estate in the town of Kiefer, known as the Palace Theatre. The petition charged that the defendants, Ida Alice Smith, W. H. Sloat, and H. C. Badger, confederated and conspired together to defraud and keep possession of plaintiff's said property, described as the Palace Theatre, and asked for judgment against the Colonial Amusement Company, and the other defendants, W. H. Sloat and H. C. Badger and Ida Alice Smith, for additional damages in the sum of $1,750, and for the further sum of $1,500 as compensatory damages for their trespass and wrong and for costs of suit.

A separate answer was filed for Ida Alice Smith, in which she includes a general denial and denies that she attorned to the other defendants or either of them to the exclusion of plaintiff, or that she ever removed any property belonging to the plaintiff from said leased premises. There were separate answers filed for all of the other defendants, but before the trial, the case was dismissed as to all of the defendants, except Ida Alice Smith. The answer of Ida Alice Smith was filed by Oscar Cooper and John J. Davis, attorneys, and they also signed the answer for the other defendants. A trial was had on June 8, 1921, to a jury, and the verdict rendered for plaintiff against Ida Alice Smith for 920. There was no testimony offered at the trial in behalf of Ida Alice Smith, and the judgment does not show that she was present at the trial, but that she appeared by her attorneys, Oscar Cooper and John J. Davis, on September 30, following. A motion to vacate said judgment was filed by the defendant Ida Alice Smith, in which she alleges that said judgment is void and of no effect, for the reason that the petition alleges that she, in conjunction with other defendants named, to wit, W. H. Sloat and H. C. Badger, individually, and the Colonial Amusement Company, a corporation, and Lew Wilder, its secretary, had colluded, confederated, and conspired and entered into a conspiracy for the purpose of defrauding the plaintiff and keeping him out of possession of certain property described in the petition, said suit being against her and her code'endants for damages growing out of said conspiracy; that on the trial of said cause, the suit was dismissed as to all of the defendants, except the defendant Ida Alice Smith, and judgment was rendered against her for the sum of $920. The motion then challenges the jurisdiction of the court to render judgment against her on a charge of conspiracy, after having released all of the other alleged conspirators, and

dismissed the case as to them. And that said petition alleges that the defendants, having entered into a conspiracy against J. B. Steiner, were guilty of trespass, and he sues this defendant and her codefendants 'or damages growing out of said trespass. That under the allegations of said petition, this defendant and her codefendants named in said petition were joint tort-feasors, and were each and all equally bound for any damage resulting to plaintiff by reason of their conduct and acts. That at the trial of said cause, the plaintiff dismissed as to all defendants named in his petition, except this defendant Ida Alice Smith, and this defendant states that the dismissal of said suit as to her codefendants had the effect in law of releasing her of any liability in said cause, and the court had no power or authority or jurisdiction to render a judgment against this defendant under the petition in this case after having released her joint tort-feasors.

She further alleged in her motion to vacate said judgment, that the summons which was served upon her in this cause did not show, by any indorsement upon it, the amount of money for which the defendants were being sued, and alleges she did not enter an appearance in said cause or make any defense therein, and that under the statute no judgment could be rendered against her for any amount larger than that stated in, or indorsed upon, the summons which was served on her.

She then alleged that she had a good and lawful defense to plaintiff's alleged action, and sets out her defense, and asks the court to vacate, set aside, and hold for naught said judgment rendered by the courts on the 8th day of June, 1921, and grant a new trial to this defendant. This motion was sworn to by Ida Alice Smith, but not signed by any attorney. On the 24th day of April, 1924, while said motion was pending, Oscar Cooper, one of the attorneys who signed the answer filed for Ida Alice Smith, and John J. Davis, the other attorney whose name was signed to the answer of Ida Alice Smith, filed an affidavit to the effect that they were never employed by Ida Alice Smith and never had any conversation with her about the case, but they filed the answer, assuming that she would want to be represented along with the other defendants; that neither one of them ever had any talk with her about the case, and were not employed by her to represent her, but that they had no authority from her to enter her appearance or to file an answer for her or represent her in any way. Ida Alice Smith also makes an

affidavit, in support of her motion, stating that she did not employ any attorney to represent her in said suit or authorize any one to file an answer for her, and she was not present at the time said case was tried, and did not know that any one had filed an answer for her and in her name; that she never employed Oscar Cooper, or John J. Davis, or anyone else to represent her in said case, or to appear for her or enter her appearance in said cause, or to file an answer for her.

The motion to set aside the judgment was heard on the 24th day of April, 1924, and the court sustained said motion and entered judgment setting aside said judgment rendered against said Ida Alice Smith on the 8th day of June, 1921, on the grounds that said judgment was void upon the face of the judgment roll, and it is from this order, setting aside and vacating the judgment, that the plaintiff, J. B. Steiner, brings the suit to this court.

The principal question raised by the appeal is, that the motion to set aside and vacate the judgment having been filed after the term in which the judgment was rendered and the judgment not being void on its face, the court had no jurisdiction to set aside and vacate the judgment on motion under section 811, Compiled Laws 1921.

Section 810, Compiled Laws 1921, sets out the various grounds for vacating or setting aside a judgment. Section 811, Compiled Laws 1921, provides as follows:

"Proceedings to be by Motion, When. The proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party or his attorney in the action. The motion to vacate a judgment, because of its rendition before the action regularly stood for trial, can be made only in the first three days of the succeeding term."

Section 812, Compiled Laws 1921, provides as follows:

"Proceedings by Petition, When. The proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivisions 4, 5, 6, 7, 8, and 9, of the second preceding section, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On such petition, a summons shall issue and be served as in the commencement of an action."

The motion in this case is evidently based upon the 4th subdivision of section 810, supra, which is for fraud practiced by the

successful party in obtaining the judgment or order.

Under section 810, supra, the district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made. It then sets out the grounds upon which the court will set aside the judgment. It is contended by plaintiff in error that proceedings to vacate a judgment after the expiration of the term must be under section 812 by petition and summons to be served as in the commencement of an action. It is the contention of defendant in error that the judgment in this case, being void upon its face, may be set aside by motion at any time. So the question to be decided turns largely on the question as to whether the judgment sought to be set aside is void upon its face. We have examined the judgment of June 8, 1921, and are of the opinion that it is not void upon its face, and the motion to vacate corroborates or strengthens this view, because under the motion to vacate there would have to be evidence introduced aliunde the record to determine its invalidity. The summons that defendant Smith mentions in her motion was not introduced in evidence and does not appear in the record.

We think the rule is too well established to require the citation of authorities, that where the judgment is sought to be vacated on the grounds that it is void upon its face, the defects must be patent on the face of the record, and no outside testimony is permissible to show its invalidity.

We think the rule is equally well established that where the term has expired, and it is sought to set aside a judgment, it must be done under section 812. Whatever we may think about the justice or injustice of setting aside the judgment in this case cannot enter into it under our view of the record.

Counsel for plaintiff in error have cited: Parker v. Luse, 97 Okla. 101, 223 Pac. 122: Lawton Pressed Brick & Title Co. v. Ross-Kellar, etc., 33 Okla. 59, 124 Pac. 43: Gibson v. Disney, 72 Okla. 69, 178 Pac. 124.

The last case, above cited, we think is authority in this case and decides the question adversely to the defendant in error. We are clearly of the opinion that the trial court did not have jurisdiction to render judgment, setting aside the former judgment, on the motion filed in this case, and that it was error for the court to have set aside and vacated the judgment. The defendant in error's remedy is under section 812. The judgment of the trial court is, therefore, reversed, and the cause remanded, with directions to proceed in conformity to the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 319, § 540.