## BRADSHAW v. TINKER et al.

No. 18092.    Opinion Filed Jan. 10, 1928.

Rehearing Denied Feb. 21, 1928.

(Syllabus.)

1. Judgment—Time for Vacation of Judgment not Void on Its Face.

A judgment is void on its face when its invalidity is affirmatively disclosed by an inspection of the judgment roll, but is not void in the legal sense for want of jurisdiction unless its invalidity appears on the face of the record, and where such invalidity does not appear on the face of the record, proceedings to vacate the same, after the term at which it was rendered, must be commenced within the time prescribed by section 817, C. O. S. 1921.

**2. Same—Divorce—Decree not Set Aside upon Motion After 15 Years—Ground of "Infidelity" Used in Decree as Synonym of "Adultery."**

Where a petition alleges adultery as a ground for divorce, the judgment and decree of the court finding the defendant to be guilty of "infidelity" will not be set aside on motion of the defendant made 15 years after the decree was entered upon the ground that the allegations of the petition do not support the findings, when it is clear that the term "infidelity" used in the decree was intended to be used as a synonym for "adultery."

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by Virgil Tinker against Ruth Tinker for divorce. Divorce granted. Ruth Tinker Bradshaw filed motion to set decree aside. Overruled. Affirmed.

D. B. Horsley, for plaintiff in error.

· Leahy, MacDonald & Files and J. M. Humphreys, for defendants in error.

PHELPS, J. Virgil Tinker and Ruth Tinker were married September 15, 1910, and on March 11, 1911, Virgil Tinker filed his petition in the district court of Osage county praying for a decree of divorce upon the grounds that she refused to live with him or to keep house for him, but spent her time in the company of other men, and that on October 15, 1910, she was guilty of adultery with one Ben Phillips. Summons was issued and returned with the following indorsement thereon:

"I hereby accept service of the within summons and enter my voluntary appearance in the within entitled cause. Witness my hand this 13th day of March, 1911. Ruth Tinker."

On April 17, 1911, the cause was called and judgment rendered by default in favor of plaintiff, the decree reciting that the court finds "that all the material facts alleged in plaintiff's petition are true" and "that the defendant has been guilty of infidelity."

On June 6, 1912, Virgil Tinker died, and after proper probate proceedings in the county court of Osage county his estate was distributed to Frank Tinker and Mary L. Tinker, his father and mother, whom the county court found were his sole heirs. In 1915, Ruth Tinker was again married, and on May 1, 1926, as Ruth Tinker Bradshaw, filed her motion in the district court of Osage county praying that the decree of divorce granted to Virgil Tinker on April 17, 1911, be vacated and set aside, predicating her motion upon the grounds, first, that the court at the time of the rendition of the judgment had no jurisdiction of her person; and, second, that the judgment rendered, "on the ground of infidelity, is insufficient to support the allegations of the petition charging adultery."

From the judgment overruling said motion to vacate, this appeal is prosecuted.

Appellant sought to set aside this judgment on motion more than 15 years after it was rendered, claiming that the judgment was void for the reason that she was a minor when she entered her appearance and when the judgment was rendered and was not represented by a guardian ad litem. In its order overruling her motion to set aside the judgment the trial court found that at the time appellant signed the acceptance of service and entered her appearance she was 15 years, five months and 18 days of age. The court further found "that the judgment sought to be set aside is a valid judgment on its face" and that "Ruth Tinker has been guilty of laches which would operate as a bar to the relief sought."

It is the contention of appellees that, inasmuch as the judgment complained of is a valid judgment on its face, under the state of the record, it cannot be set aside upon motion. This contention is abundantly supported by the authorities. This court has repeatedly held that a judgment is not void in the legal sense for want of jurisdiction unless its invalidity and want of jurisdiction appears on the face of the record. Edwards v. Smith, 42 Okla. 544, 142 Pac. 302; Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681.

In B. R. Electric Co. v. Town of Wewoka, 113 Okla. 225, 239 Pac. 919, this court held that if it were necessary to resort to extrinsic evidence to show that the judgment is invalid, the proceedings to vacate must be commenced within three years after the rendition of the judgment, and in Steiner v. Smith, 115 Okla. 205, 242 Pac. 207, this court, in reversing the trial court, held that a judgment rendered at a former term of the court could not be set aside on motion unless the judgment roll disclosed its invalidity, and in Smith v. Page, 117 Okla. 223, 246 Pac. 217, this court reiterated the rule laid down in Edwards v. Smith, supra, and held that a judgment is not void for want of jurisdiction unless its invalidity appears on the face of the record.

The record shows that more than twelve years elapsed after appellant reached her majority before she took any steps to vacate

the judgment complained of; that she lived in the county where the judgment was rendered a goodly portion of the time; that she knew of the death of Virgil Tinker. His estate was settled and distributed to his parents without a word of protest from her. The judgment roll upon its face shows a valid judgment, and we find nothing in the record, either legal or equitable, upon which to base a just demand for setting aside this judgment. As the judgment appeared valid upon its face, the trial court had no authority to set it aside upon motion, and if the facts justified the court in setting it aside upon petition, such petition must have been filed within the time prescribed by section 817, C. O. S. 1921.

In the divorce petition Virgil Tinker alleged that appellant "immediately after said marriage refused to live with plaintiff or to keep house for him, but spent her time in the company of other men," and that she "committed adultery with one Ben Phillips and with other men whose names are to the plaintiff unknown," and one of the grounds for setting aside the judgment is that the divorce decree recites that "the defendant has been guilty of infidelity." Appellant contends that this finding is not supported by the allegations of the petition. The decree further recites "that all the material facts alleged in plaintiff's petition are true." It is the claim of appellant that "infidelity" is not a ground for divorce. We agree that "infidelity," according to the usual acceptation of the term, is not a ground for divorce, but when used as it was used in this decree it has a well-understood meaning recognized by Webster as, "unfaithfulness in marriage; marital infidelity," and by common usage and acceptation the term may be said to be synonymous with "adultery."

Also, this court said in Reed v. Reed, 119 Okla. 5, 246 Pac. 413, that:

"Gross neglect of duty within the meaning of section 501, C. O. S. 1921, is such a glaring, shameful, or monstrous neglect of marital duties as to be obvious from the common understanding and inexcusable under all the relevant facts in the case."

In view of the allegations of the petition alleging defendant's refusal to keep house for him, coupled with the other allegation that she was guilty of adultery and the court's finding that all of the material allegations of the petition were true, we are unable to say that the allegations of the petition do not support the finding of the trial court as reflected in the divorce decree, and the trial court properly refused to vacate and set aside the judgment.

The judgment of the district court is, therefore, affirmed.

BRANSON, C. J., MASON, V. C. J., and LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 34 C. J. p. 258, §487; p. 510, §811; 15 R. C. L. p. 692; 3 R. C. L. Supp. p. 486; 4 R. C. L. Supp. p. 1017; 5 R. C. L. Supp. 847. (2) 31 C. J. p. 1182 (Anno); 34 C. J. p. 258, §487.