KAUFFMAN et al. v. McLAUGHLIN.

No. 29645. Feb. 4, 1941.

Rehearing Denied June 3, 1941.

Application for Leave to File Second Petition for Rehearing Denied July 8, 1941.

*114 P. 2d 929.*

Arden E. Ross, of Tulsa, and Costigan & Wollrab, of Bloomington, Ill., for plaintiffs in error.

W. M. Bowles, of Perry, and William R. Bach, of Bloomington, Ill., for defendant in error.

RILEY, J. This is an appeal from a judgment and decree setting aside a sheriff's deed executed pursuant to an order and decree in a partition proceeding, and annulling and setting aside a former judgment and order of the district court of Noble county, insofar as said deed, judgment, and order of the court affect the undivided one-fourth interest in the land involved.

The action was commenced by defendant in error, Lillie B. McLaughlin. Judgment was in her favor, and defendants appeal.

There is substantially no conflict in the evidence. The questions involved are questions of law.

Lillie B. McLaughlin's maiden name was Lillie B. Kauffman. In her early life she married and divorced a Mr. Brown, and later she married her present husband, McLaughlin. Therefore, wherever the name Lillie B. McLaughlin, Lillie B. Brown, or Lillie B. Kauffman appears herein, the party so referred to is defendant in error herein, Lillie B. McLaughlin.

The property here involved is 160 acres of land in Noble county, which was a part of the estate of J. L. Kauffman, deceased, who at the time of his death was a resident of McLean county, Ill. He owned land in McLean county, Ill., some land in Kansas, and the 160 acres of land here involved in Noble county, Okla.

On May 9, 1916, J. L. Kauffman made and executed his last will and testament. By said will a certain 80 acres of land in McLean county, Ill., was devised to the executor named in the will, with specific directions that said land be sold, $1,000 of the proceeds to be placed in trust and "The rest and residue of the proceeds of said sale to be divided and paid to my children, W. R. Kauffman, Carey F. Kauffman, Sarah E. Skinner, and Lillie B. Brown, share and share alike; and in case of the death of any one of my said children without heirs of his or her body, that share to revert to the other devisees, share and share alike; and in case of the death of any one of the above-named devisees before said sale occurs, the share left to that devisee to go to his or her heirs of the body."

The next paragraph of this will provided:

"All the rest and residue of my property, real, personal, or mixed, and wherever situated, I give, devise and bequeath to my children, W. R. Kauffman, Carey F. Kauffman, Sarah E. Skinner, and Lillie B. Brown, share and share alike."

Carey F. Kauffman, one of the sons above named, was, by the will, designated and appointed as executor of the will.

By codicil, dated May 23, 1919, the will was modified whereby F. O. Benson of Iola, Kan., was nominated and appointed as executor of said will as to that part of the estate located in Kansas.

On May 15, 1920, said J. L. Kauffman executed and delivered a declaration of trust, naming a bank in Bloomington, Ill., as trustee, wherein by appropriate language he irrevocably conveyed and transferred to said trustee all his property, real, personal, or mixed, wherever situated, to have and hold the same in trust for the purposes and uses therein stated, which were, in substance, to have the full management and control of all of said property for and during the life of said J. L. Kauffman; to collect the rents, interest, income, and earnings of all the property, pay taxes on same; keep up the improvements with power to make leases, and do all things necessary for the proper management and conduct of said project; pay to the said J. L. Kauffman, out of such income, such sums at such times as he should request and provide amply and fully for his support during his life, and for trustee to have power to mortgage any real estate and power to sell or convert into money any or all personal property it deemed advisable for his support. The deed in trust then provided:

"After my death and within one year from the date of my death the said Trustee shall sell at public sale, after giving due legal notice by publication in the Daily Pantagraph, my farm consisting of eighty (80) acres described as follows:

"The North half (N½) of the southwest quarter (SW¼) of Section twenty-eight (28) township twenty-three (23) north range one (1) west of the 3rd P.M., in McLean County, Illinois, and it is hereby authorized and empowered to make proper deeds of conveyance for said real estate to the purchaser or purchasers thereof. . . .

"9th. Said Trustee is hereby authorized and directed to sell at public sale within one year from the date of my death all other real estate which I own or in which I have an interest, after giving legal notice of such sale, upon the same terms as I have provided in and above for the sale of my said real estate in McLean County, Illinois. . . .

"11th. Said Trustee after paying the above obligations shall divide the proceeds of the sale of my property as follows, to wit:

"a.—It shall hold one-fourth of the proceeds remaining in its hands until my daughter, Lillie B. Brown can be located, if alive, and in the event that she cannot be located, then until her child or children can be located. And upon the said Lillie B. Brown being located, one-fourth of said money shall be paid to her, but if the said Lillie B. Brown cannot be located, then said Trustee shall pay said one-fourth to her child or children and take receipts therefor.

"In the event that the said Lillie B. Brown or a child or any children of hers cannot be located within twenty-five years after my death, said Trustee shall pay one-half of the money so held by it for the said Lillie B. Brown to my son, W. R. Kauffman, and one-half of said money so held by it for the said Lillie B. Brown to my son, Carey F. Kauffman, or their heirs respectively per stirpes."

Then follow provisions in substance which stated that each of his two sons, W. R. and Carey F. Kauffman, should be paid one-fourth of the net proceeds of such sale, with certain adjustments between the two sons, and then provided that the remaining one-fourth should be paid to the children of his daughter, Sarah E. Skinner.

The bank named as trustee accepted the trust, qualified, and for a time carried out the provisions of the trust.

April 9, 1921, said J. L. Kauffman, being then a resident of McLean county, Ill., died.

July 18, 1921, the will was admitted to probate in McLean county, Ill., and Carey F. Kauffman was appointed executor and qualified as such.

February 16, 1922, in an appropriate action for that purpose, brought in the circuit court of McLean county, Ill., the Bloomington bank was permitted to resign its trust and Carey F. Kauffman was appointed as trustee, as successor of and in place and in lieu of said bank. Carey F. Kauffman accepted said trust and qualified by giving the required bond and thereafter acted under said deed of trust, in that he sold the tract of land in Illinois, and on May 22, 1923, made a report, showing among other things that after complying with the provisions of said deed of trust with reference to the payment of the sums specified therein, he then had and was holding as such trustee one-fourth of the net proceeds from the sale of that particular tract of land, and some other items, the sum of $3,787.51, for said Lillie B. Brown, as provided in said declaration or deed of trust.

The will has never been probated, or offered for probate in Noble county, Okla., or otherwise recorded on the public records of Noble county. No action appears to have been taken in Oklahoma to sell the land in Noble county under the declaration or deed of trust.

On January 29, 1923, during the time when Carey F. Kauffman was carrying out the provisions of the trust in Illinois, he as plaintiff filed in the district court of Noble county, Okla., an action wherein he designated as defendants W. R. Kauffman, Sarah E. Skinner, and Lillie B. Brown, or her unknown heirs, executors, administrators, devisees, trustees, and assigns.

This action was brought to quiet title to the Noble county land in Carey F. Kauffman, W. R. Kauffman, and Sarah Skinner, one-third each, and to exclude the said Lillie B. Brown, her heirs, etc., from any interest therein, based upon the presumption that Lillie B. Brown, having been absent and her whereabouts unknown for more than seven years, was dead.

In the petition in said cause, plaintiff, among other things, alleged the admission of the will to probate in Illinois; that a certified copy of the will and the probate thereof was on record in the office of the county clerk of Noble county, which latter allegation was untrue. He then alleged that by the terms of said will the Oklahoma farm was devised and bequeathed to W. R. Kauffman, Carey F. Kauffman, Sarah E. Skinner, and Lillie B. Brown, all children of said J. L. Kauffman, deceased, which was true; but he also alleged that the will provided that in case of the death of any one of said children without heirs of his or her body, such share was to revert to the other devisees, which was true as to the one tract of land specifically mentioned and located in McLean county, Ill., but was untrue as to the Oklahoma land or any other land belonging to said estate.

After pleading the long absence of said Lillie B. Brown and inability of plaintiff to learn her whereabouts from and after 1908, the presumption of her death, etc., and that plaintiff had reason to believe that she left no heirs, he asked the court to find and decree that the title to such land was in the other three children of J. L. Kauffman, deceased, viz., W. K. and Carey F. Kauffman and Sarah E. Skinner, and that partition thereof be made accordingly. No mention whatever was made of the declaration or deed of trust or any of its provisions.

The only service had as to Lillie B. Brown, or her unknown heirs, etc., was by publication. The affidavit for service was made by Carey F. Kauffman and the notice by publication was signed by him.

There is no record of affidavit of mailing notice and copy of the petition or of affidavit excusing such mailing.

On April 12, 1923, the court entered judgment which recites the appearance of all the defendants except Lillie B. Brown or her unknown heirs, etc., but finds that said defendants were duly served with summons by publication in all respects as provided by law and that proper affidavits were filed before said publication and proof thereof was duly made and "that said defendants were duly served with summons herein as provided by law, and that they are in default and are by the court declared to be in default."

The judgment found the issue in favor of plaintiff and against said last-named defendant and that the title to the land involved, describing it, should be quieted as prayed for. The court then made the following finding:

"And the court finds that the defendants, W. R. Kauffman and Sarah E. Skinner, and the plaintiff, Carey F. Kauffman, are the sole and only heirs of the said J. L. Kauffman, deceased, and that they are the legal owners in possession of the premises above described and described in the petition of plaintiff filed herein, and that each of said heirs own in fee simple an undivided one-third interest in and to the above-described lands and tenements and that their title thereto is valid and perfect, and that the other defendants, Lillie B. Brown or her unknown heirs, executors, administrators, devisees, trustees and assigns, have no title, right, interest or estate therein or·to any part thereof."

Judgment was entered accordingly, quieting the title and for possession of said land in Carey F. Kauffman, W. R. Kauffman, and Sarah E. Skinner, each an undivided one-third interest as against all claims and demands of Lillie B. Brown or her unknown heirs, executors, administrators, devisees, trustees, and assigns. The judgment then decreed that partition of said land be made accordingly and appointed three commissioners to make said partition and report same to the court, and in case they should find that such partition could not be made without manifest injury, they make valuation and appraisement of said premises and report their proceedings forthwith.

The appraisers made their report that partition could not be made without manifest injury, and returned an appraisement of the land as directed at $2,400.

Carey F. Kauffman filed his election to take the land at its appraised value, describing himself as "plaintiff and one of the heirs of said estate."

Sale was made, and on July 22, 1924, sheriff's deed was executed purporting to convey said land to said Carey F. Kauffman.

About July, 1937, Carey F. Kauffman died, leaving surviving him his widow and four children. Arthur H. Kauffman was appointed administrator of his estate.

On February 26, 1938, Lillie B. McLaughlin, formerly Lillie B. Brown, formerly Lillie B. Kauffman, appeared, not dead, but very much alive and commenced this action to set aside said deed, and to recover a one-fourth interest in said land, and rents and profits.

She alleged ownership of an undivided one-fourth interest in the land in Noble county, Okla., and claimed her title by the will of her father, J. L. Kauffman, deceased. She pleaded invalidity of the judgment and decree obtained in the district court of Noble county by Carey F. Kauffman, and the sheriff's deed to Carey F. Kauffman, based on the judgment; that said judgment was obtained by fraud practiced upon the court in misrepresenting the terms of said will and concealing from the court the fact that that part of said will which provides in case of the death of any of the children of said J. L. Kauffman without heirs of his or her body, such share should revert to the other devisees, share and share alike, applied only to the tract specifically described and set out in the will and located in the state of Illinois, and had no application whatever to the land in Noble county, Okla. It was alleged that the fraud was not discovered by plaintiff until August, 1938.

The answering defendants assert the validity and finality of the judgment in the action brought by Carey F. Kauffman and rely upon statutes of limitations, laches, and constructive notice of the public records.

The evidence consisted of the documents and various records pleaded by the parties, the testimony of Lillie B. McLaughlin, certain letters passing between her and Carey F. Kauffman between February, 1937, and July 11, 1937, and correspondence consisting of letters between Lillie B. McLaughlin and some of the children of Carey F. Kauffman after his death.

The trial court made extended findings of fact, and conclusions of law amply sustained by the evidence. One of the principal findings of fact, on which the court based its judgment for plaintiff, and, as we view it, sufficient to sustain the judgment, is:

"16. That although the said Carey F. Kauffman did not know the whereabouts of his sister at the time he filed said case No. 2361 in this court, he did well know the terms and provisions of the deed of trust under which he was acting in the state of Illinois, and that it applied likewise in the 'Oklahoma farm'; and knew the solicitude J. L. Kauffman had shown for the welfare of his daughter Lillie, or her heirs, by the proviso in the deed of trust requiring the trustee to hold one-fourth of the proceeds from the sale of the properties, for them, for 25 years before paying it out to Carey F. Kauffman and W. R. Kauffman; and knew that one of his duties under the trust was to hold one-fourth of the proceeds from the Oklahoma farm for 25 years, the same as he was then doing with one-fourth of the proceeds from the sale of the Illinois land.

"Yet, with this knowledge of such duty, he comes into this court in case No. 2361 and ignores his duty under the trust, and withholds from the court information of the existence of the trust, and the deed of trust, and founds his action on an inapplicable provision of the last will and testament, which will had never been probated in this state, or even admitted to probate, or even filed for record in Noble county, Oklahoma, as alleged. This was fraud and imposition on the court, and a fraud against the rights of the said Lillie B. Brown, now Lillie B. McLaughlin."

In their briefs Arthur H. Kauffman et al. contend that the proceedings herein are nothing more nor less than a collateral attack upon the judgment and decree in said case No. 2361. Many cases are cited going to the question of attack on judgment, and whether an attack is collateral or direct. The rule has often been stated that:

"When the judgment of a court is questioned on appeal, or in some other manner authorized by law, the attack is said to be direct. Cochran v. Barcus, 112 Okla. 180, 240 P. 321; Watkins v. Jester, 103 Okla. 201, 229 P. 1085. When, however, an attempt is made to avoid, defeat, evade, or deny the force and effect of a judgment in a manner not authorized by law, and by a procedure not designed for that purpose, the attack is classified as collateral." Seminole County et al. v. Gulf Pipe Line Co., 168 Okla. 136, 32 P. 2d 42; Powers v. Brown, 122 Okla. 40, 252 P. 27; Richardson v. Carr, 68 Okla. 46, 171 P. 476; Griffin v. Culp, 68 Okla. 310, 174 P. 495.

But in McIntosh v. Holtgrave, 79 Okla. 63, 191 P. 739, it is pointed out that a domestic judgment may be attacked in any one or more of three ways: (a) By direct attack, which is an attempt to avoid or correct it in some manner provided by law; (b) a collateral attack, which is an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it; and (c) by an equitable proceeding to set aside such judgment for fraud practiced by the successful party, said fraud inducing or entering into such order or judgment, where such fraud is extrinsic to the issues in the proceedings attacked, and especially where the court has been imposed upon by such fraud.

More apt language could hardly be used to fit the situation and facts disclosed by the record in this case than that used in subdivision (c) quoted above.

200

The fraud found by the court was extrinsic.

When Carey F. Kauffman commenced and was carrying on case No. 2361 in Noble county wherein he sought to obtain title in himself, and W. R. Kauffman and Sarah E. Skinner, he knew he held the title to the same land as trustee for the benefit of himself and the other children of J. L. Kauffman. He knew that because at the same time he was carrying out the terms of the trust deed with reference to the land in McLean county, Ill. Carey F. Kauffman was appointed trustee under said deed of trust and qualified February 18, 1922. He filed his report of the sale of the Illinois land and his account showing the disposition of the funds June 11, 1923. Therein he showed that the land was sold March 17, 1923, and that he was holding in trust for Lillie B. Brown the sum of $3,787.51.

He commenced case No. 2361 in the district court of Noble county, Okla., January 29, 1923. He obtained the judgment therein on April 12, 1923, and the order for the deed on June 10, 1924.

He misrepresented to the court in his petition in case No. 2361 the provisions of the will, which would have shown for itself that the provision he was relying upon to give him and the other two children the interest of Lillie B. Brown, if she was dead, applied only to the land in Illinois.

In addition thereto he withheld from the court, so far as the record shows, all information concerning the trust deed, which if disclosed would have shown that at the time he was holding title to the land as trustee under the deed of trust, which required him as such trustee to sell the land belonging to the estate of J. L. Kauffman, and hold one-fourth of the proceeds for Lillie B. Brown or her heirs for a period of 25 years if not sooner found. That is extrinsic fraud. Sohler et al. v. Sohler et al., 135 Cal. 323, 67 P. 282.

In Laun et al. v. Kipp, 155 Wis. 347, 145 N. W. 183, 5 A.L.R. 655, it is held:

"In case of a person sustaining the relation of trustee to another, he owes to such other the duty of making a full disclosure of all matters appertaining to the trust, and neglect to do so to such other's injury, knowing or having good reason to believe that silence will so result, is a fraudulent act, and the duty exists independently of inquiry in judicial proceedings, and failure of the trustee in that regard, persisted in in judicial proceedings, to the prejudice of such other and advantage to himself, may be regarded as fraud extrinsic under the rule in United States v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93, as well as fraud intrinsic."

It is contended that when Carey F. Kauffman commenced case No. 2361 in the district court of Noble county and prosecuted the cause to conclusion, he repudiated the trust and terminated the fiduciary relationship. With this contention we cannot agree. Carey F. Kauffman was at the very time recognizing and acting under the deed of trust in Illinois. We are not in sympathy with the proposition that the trustee could repudiate the trust in Oklahoma and at the same time recognize it in Illinois.

It is contended by the Kauffmans that the cause of action was barred by the several provisions of the statute of limitations. In Clover, Adm'x, v. Neely, 116 Okla. 155, 243 P. 758, we held:

"When a relation of trust or confidence exists, making it the duty of defrauder in the trust capacity to disclose the true state of facts, the defrauded party is not charged with constructive discovery of the fraud on account of the facts being a matter of public record."

The two-year statute, subdivision 3, sec. 101, does not bar the action because it expressly provides that the cause of action for relief on the ground of fraud shall not be deemed to have accrued until the discovery of the fraud. The allegation and uncontradicted evidence is that the fraud was not discovered until about six months before the action was commenced.

Careful examination of the entire record discloses no reversible error, and

the judgment is affirmed. The cause is remanded for such further proceedings as may be deemed necessary in the matter of accounting.

WELCH, C. J., CORN, V. C. J., and GIBSON and HURST, JJ., concur.