2010 OK CIV APP 51

**Jack ROTHROCK and Mary Rothrock, Plaintiffs/Appellees,**

**v.**

**Harold Keith HARTLEY, Gilbert Huffman, Elsie K. Wood, if living, and Harold Keith Hartley, Gilbert Huffman, and Elsie K. Wood, if deceased, their unknown heirs, assigns and successors, and State of Oklahoma ex rel. Oklahoma Tax Commission, Defendants,**

**and**

**Sandra L. Hartley Benefield, Petitioner/Appellant.**

**No. 105,836.**

Court of Civil Appeals of Oklahoma, Division No. 4.

April 20, 2010.

Todd Hembree, Hembree & Hembree, Tahlequah, OK, for Plaintiffs/Appellees.

Wayne Bailey, Bailey Law, PLC, Tahlequah, OK, for Petitioner/Appellant, Sandra L. Hartley Benefield.

DOUG GABBARD II, Presiding Judge.

¶ 1 Appellant, Sandra L. Hartley Benefield,[1] appeals the dismissal with prejudice of her petition to vacate a 1993 judgment quieting title to property in Appellees, Jack and Mary Rothrock (the Rothrocks). We affirm.

## BACKGROUND

¶ 2 This dispute concerns a one-acre tract of property in Section 8, Township 15 North, Range 23 East, Cherokee County.

¶ 3 On August 9, 2007, Benefield and co-petitioner, Debra J. Hartley Little (collectively, Petitioners), filed a petition to vacate a 1993 judgment quieting title to the property in the Rothrocks. Petitioners alleged that they were the heirs and successors in interest of a defendant named in the action, Harold Keith Hartley, and they were now the current rightful owners of the property. Petitioners also alleged the judgment was obtained "through fraud in that the affidavit of service by publication contains statements that are incorrect and untrue." Petitioners

---

1. Although the style of the petition in error as filed lists Sandra J. Hartley Benefield and Debra J. Hartley Little as Appellants, the petition in error clearly states it is filed only on behalf of Benefield, and only Benefield's attorney entered an appearance in the case.

asserted the judgment was void because "the purported service by publication did not include due diligence on the part of the [Rothrocks] in finding the address for Defendant, Harold Keith Hartley," and, thus, the judgment was "the result of false and fraudulent acts and conduct" by the Rothrocks. Petitioners claimed they had only discovered the judgment within the preceding year, when another action concerning the property was filed against them.

¶ 4 Attached to the petition to vacate was a certified copy of a "Journal Entry of Judgment" dated April 14, 1993, and filed of record on January 28, 1998, in Case No. C–93–165, in the District Court of Cherokee County, in which the trial court granted a default judgment quieting title to the land in the Rothrocks following service by publication on all named Defendants. The journal entry specifically finds that the Defendants "named in the caption" of the case, including Defendant Hartley, were:

> duly notified by service by publication, duly filed herein, and the Court having examined said service by publication, finds that said persons so served by publication were duly and properly served by publication more than forty one (41) days prior hereto, and the Court having examined the affidavit for service by publication upon which same was predicated, printed notice by publication, proof of publication, and having conducted a judicial inquiry into the sufficiency of [the Rothrocks'] search to obtain the names and whereabouts of the defendants who were served herein by publication and, based on the evidence produced ... finds that the [Rothrocks] and their attorney have exercised due diligence and have conducted a meaningful search of all reasonable sources at hand, and the Court hereby approves such service by publication as meeting both statutory requirements and the minimum standards of state and federal due process, and said

service by publication is hereby approved....

¶ 5 Also attached to the petition to vacate was: (1) a copy of a "General Warranty Deed" dated March 22, 1977, and recorded October 14, 1997, conveying the property from Harold Keith Hartley to himself and his wife, Sarah Josephine Hartley, as joint tenants with right of survivorship; (2) an "Affidavit of Surviving Joint Tenant," signed and recorded on October 14, 1997, by Benefield as "POA" for Sarah J. Hartley, and stating that Harold Keith Hartley died September 27, 1990, while still owning the property[2]; and (3) a copy of a "General Warranty Deed" to the property from Sarah Josephine Hartley to Petitioners, dated and recorded October 14, 1997, and signed by Benefield as "POA" for Sarah Josephine Hartley.

¶ 6 The Rothrocks moved to dismiss the petition to vacate. Following a hearing on November 26, 2007, the trial court granted the motion and dismissed the petition "with prejudice." According to an order settling a narrative statement, the trial judge dismissed the case "[a]fter hearing arguments of counsel and conducting an informal conversation," and declined to allow Petitioners to present sworn testimony in opposition to the dismissal motion.[3] Petitioner Benefield now appeals.[4]

## STANDARD OF REVIEW

¶ 7 The standard of review of a trial court's order denying a petition to vacate is whether the lower court abused its discretion. *Patel v. OMH Med. Ctr., Inc.*, 1999 OK 33, ¶ 20, 987 P.2d 1185, 1194. "An abused judicial discretion is manifested when discretion is exercised to an end or purpose not justified by, and clearly against, reason and evidence." *Id.* Review for abuse of discretion "includes an appellate review of both

---

2. The Affidavit is not properly completed.

3. The matter initially was tried, in 2007, before Judge Bruce Sewell, who has since that time retired. The narrative statement was settled by Judge Darrell G. Shepherd after this Court directed that a hearing be scheduled for the purpose of settling such statement.

4. Benefield's petition in error indicates that she filed a "motion to reconsider" after the dismissal. That motion was filed more than ten days, but within 30 days, following the order dismissing the petition to vacate. The disposition of that motion has not been appealed.

issues of law and fact." *Boston v. Buchanan*, 2003 OK 114, ¶ 16, 89 P.3d 1034, 1040.

## ANALYSIS

¶ 8 On appeal, Benefield alleges three grounds of error: *first*, the trial court erred by refusing to vacate the 1993 judgment because it was "obtained without jurisdiction upon the proper defendants due to a failure of service of process;" *second*, the order was "obtained by fraud" because the affidavit of publication in the case was untrue; and, *third*, the trial court committed reversible error when it "refused to examine evidence offered in support" of the petition to vacate.

¶ 9 Although the appellate record is meager, it is clear that Benefield did not file her petition to vacate the 1993 judgment until long after expiration of the two-year limitations period provided in 12 O.S.2001 § 1038 for challenges based on 12 O.S.2001 § 1031(4)(concerning vacation of judgments on grounds of fraud); the three-year period for challenges based on 12 O.S.2001 § 1031(3)(vacation for irregularity in obtaining a judgment) [5]; and the three-year period of 12 O.S. Supp.2009 § 2004(C)(3)(f), governing challenges to default judgments obtained after service by publication. Therefore, it follows that Benefield may only obtain vacatur by either: (1) proving that the judgment was void for lack of jurisdiction as shown on the face of the judgment roll,[6] or (2) by means of an independent action in equity demonstrating that the judgment was obtained by extrinsic fraud. *See Chapman v. Chapman*, 1984 OK 89, 692 P.2d 1369; *Feagin v. Davidson*, 1967 OK 14, 431 P.2d 396; *Scoufos v. Fuller*, 1954 OK 363, 280 P.2d 720; *Kauffman v. McLaughlin*, 1941 OK 47, 114 P.2d 929.

¶ 10 Demonstrating that a judgment is "void on the face of the record" means the moving party must show, based solely on the judgment roll, that "the court rendering the judgment lacked (1) jurisdiction over the parties, (2) jurisdiction over the subject matter, or (3) jurisdictional power to render the particular judgment rendered." *Scoufos* at ¶ 20, 280 P.2d at 723. "[N]o outside testimony is permissible to show its invalidity." *Id.* at ¶ 18, 280 P.2d at 723 (quoting *Steiner v. Smith*, 1925 OK 1011, 242 P. 207).

¶ 11 Where the journal entry of judgment recites "that the court has 'examined the affidavit for service by publication, notice by publication and proof of publication,' " and approves same, and there is nothing in the judgment roll to negate such a recital, "the judgment based thereon is not void on the face of the judgment roll." *Feagin* at ¶ 22, 431 P.2d at 401 (quoting *Washburn v. Culbertson*, 1937 OK 693, 75 P.2d 190). This is what the appellate record in this case shows. The 1993 judgment entered by the trial court clearly recites that the court examined the affidavit, notice, and proof of publication, and approved them.

¶ 12 The journal entry also recites that the court inquired into the sufficiency of the Rothrocks' search for Defendants—who included Harold Keith· Hartley and his heirs, successors, and assigns—and that it was satisfied with and approved same. Although Benefield asserted that service was not made on the "proper defendants," her entire claim is based on her status as Harold Keith Hartley's heir, successor, or assign, whom the journal entry deemed properly served with process. Benefield has designated no other part of the judgment roll that would contradict these recitations. Thus, her argument that the judgment is void on the face of the record fails.

¶ 13 A similar rationale defeats Benefield's allegation that the order was "obtained by fraud" because the affidavit of pub-

---

5. Although Benefield's petition to vacate appears to refer only to fraud as a ground for vacation, the petition also referred to § 1031(3), dealing with irregularity in obtaining the judgment. In *Pettis v. Johnston*, 1920 OK 224, ¶ 19, 78 Okla. 277, 190 P. 681, 688, the Supreme Court described what is now § 1031(3) as a potential ground to seek vacation for lack of service of process.

6. Under 12 O.S.2001 § 32.1, the record is comprised of "the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court."

lication in the case was "untrue." Despite allegations that focus wholly on the affidavit of publication, Benefield did not include the affidavit in the appellate record. An appellant has the burden of producing a sufficient record to demonstrate error. *Pracht v. Okla. State Bank,* 1979 OK 43, ¶ 5, 592 P.2d 976, 978. Thus, we reject this allegation of error as well.

¶ 14 Benefield's final allegation of error—that the trial court was required to allow evidence at the hearing on her petition to vacate—also fails for lack of a record to support it. The Oklahoma Evidence Code provides that "[e]rror may not be predicated upon a ruling which ... excludes evidence unless ... the substance of the evidence was made known to the judge by offer...." 12 O.S.2001 § 2104. Here, it was Benefield's responsibility at the time of the hearing to offer her evidence, and, if it was excluded, to make an offer of proof. The record reveals no offer of proof, and nothing in Benefield's other filings suggest that one was made. Accordingly, we must conclude that the alleged error in refusing to take evidence was not properly preserved, and we have nothing to review. *See Fleck v. Fleck,* 2004 OK 39, ¶ 12, 99 P.3d 238, 240–41; *Pracht* at ¶ 5, 592 P.2d at 978.

¶ 15 Moreover, Benefield's petition to vacate itself is insufficient to have warranted further consideration by the trial court. To withstand a motion to dismiss, a petition to vacate based on extrinsic fraud "must allege with particularity the material facts constituting" the fraudulent conduct. *Chapman* at ¶ 8, 692 P.2d at 1372. In essence, "acts which result in the court being imposed on and by which interested parties are prevented from having their interests protected constitute extrinsic fraud that vitiates a judgment." *Id.* at ¶ 9, 692 P.2d at 1373 (footnote omitted).

¶ 16 In the case at bar, Benefield's *only* allegation to support her fraud claim is that the Rothrocks did not use "due diligence" in finding an address for Harold Keith Hartley. In a later filing, she claims that Hartley's name and home address were listed as the property's owner on the records

of the Cherokee County Tax Assessor at the time the quiet title action was filed. However, even if true, this allegation is *not* inconsistent with, and certainly does not disprove, the trial court's specific finding that due diligence was exercised and service by publication was proper. If the exhibits attached to Benefield's petition to vacate are taken as true, then Harold Keith Hartley was the only owner appearing of record for the property when the quiet title petition was filed in 1993, although he had been deceased since 1990. Thus, it is not hard to imagine why mail sent to the address listed for him in county tax records might not have been delivered or deliverable.

¶ 17 In cases such as *Patel,* the Supreme Court emphasized the importance of assuring that actual or constructive extrinsic fraud has not been employed in procuring a judgment. However, the Court also made clear that any request for vacation of a judgment "must be evaluated in light of the principle of the finality of judgments," by which an "unlimited ability to attack a judgment valid on its face" would be in the best interest of neither the public nor the court system. *Patel* at ¶ 37, 987 P.2d at 1199–1200. In *Patel,* the Court held that the trial court abused its discretion when it granted, without an evidentiary hearing, a timely petition to vacate based on 12 O.S.2001 § 1031(4) that presented a prima facie case of extrinsic fraud. A similar situation is not presented here. "While *Patel* explains that parties must be given an opportunity to present evidence in a vacation proceeding where material facts are controverted, it also teaches that there is no impediment to the consideration of undisputed facts and that an evidentiary hearing is not required in every vacation proceeding." *In re Estate of Hughes,* 2004 OK 20, ¶ 19, 90 P.3d 1000, 1006.

¶ 18 Benefield bears the burden of overcoming "the law's presumption of regularity that attaches to a judgment (or order) and to the judicial proceedings that precede it." *F.D.I.C. v. Jernigan,* 1995 OK 54, ¶ 8, 901 P.2d 793, 796. Here, Benefield has failed to present a record that overcomes the presumption of correctness of the trial court's 1993 judgment which she seeks to vacate.

We conclude that the trial court properly dismissed the petition to vacate.

## CONCLUSION

¶ 19 For all these reasons, the decision of the trial court is affirmed.

¶ 20 AFFIRMED.

GOODMAN, J., concurs, and RAPP, J., not participating.